Robert Lee **MARTINEZ**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 8034.

United States Court of Appeals
Tenth Circuit.

April 7, 1965.

---

Charles L. Saunders, Jr., Denver, Colo., for appellant.

Lewis O. Campbell, Asst. U. S. Atty. (John Quinn, U. S. Atty., with him on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

A jury in the United States District Court for the District of New Mexico found appellant Martinez guilty of four counts charging narcotic offenses, and the court sentenced him to 6-year concurrent terms. He did not appeal. While a prisoner at La Tuna, Texas, he filed a habeas corpus petition in the sentencing court which treated it as a motion under 28 U.S.C. § 2255, and denied it without a hearing. Reversal is sought on the ground that a hearing should have been held.

The record and the order of the trial court show that the appellant was arrested on a warrant, was brought before a United States commissioner, was tried by a jury, did not testify in his own behalf, and was represented by retained counsel both before the commissioner and in the jury trial. No showing is made of the use at the trial of any illegally seized evidence or of any incriminating statements of the accused after arrest.

■ The papers filed by the appellant in the trial court defy intelligent analysis. Various legal principles are asserted without attempt to relate them to the facts of the case. An application for post-conviction relief, whether it be under § 2255 or by way of habeas corpus, which states bald conclusions unsupported by allegation of fact is legally insufficient and may be denied without a hearing.[1]

■ In this court appointed counsel urges that the trial court should have appointed counsel for appellant and required that he be furnished with a trial transcript. A federal prisoner is entitled to no such exploratory aids on the basis of the showing made here. In a collateral attack on a judgment in a criminal case, the prisoner must allege some factual ba-

1. Stephens v. United States, 10 Cir., 246 F.2d 607. See also Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148.

sis for the relief sought. This appellant has not done so. If a legally sufficient motion is subsequently filed, it should not be considered repetitious.

Affirmed.