No. 44,683

DAVID ROBERT RODGERS, JR., *Appellant,* v. STATE OF KANSAS,
*Appellee.*

(419 P. 2d 828)

Opinion filed
November 5, 1966.

*Russell Shultz,* of Wichita, argued the cause, and was on the brief for the appellant.

*Charles N. Henson,* Assistant Attorney General, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Richard H. Seaton,* Assistant Attorney General, were on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The appellant, David Robert Rodgers, Jr., referred to herein as petitioner, filed a motion to vacate the sentence imposed upon him by the district court of Ford county, Kansas. The motion was filed under K. S. A. 60-1507 and appeal is taken from the order summarily denying relief.

We do not have the benefit of a transcript of evidence or of the findings of the trial court upon which the cursory order was entered, so we have a few more pages to write as the courts adjust to the United States Court's sweeping interpretations of the Fifth and Fourteenth Amendments. Petitioner was tried on February 15, 1961 before a jury and was convicted of murder and robbery, both in the first degree. He received a life sentence for murder and a sentence of from ten to twenty-one years for robbery. A subsequent appeal to this court was dismissed for failure to file abstract

and brief. Two proceedings in the nature of habeas corpus were filed but dismissed by petitioner before the merits were reached.

The present motion to vacate was prepared and filed by retained counsel for petitioner and follows the form prescribed by the court under Rule No. 121 (e) (194 Kan. XXVII). As incredible as it may seem petitioner sets out in his motion certain definite allegations of fact and the names and addresses of seven witnesses from whom the court may ascertain the truth of his statements. He alleges that while he and a codefendant stood charged with first degree murder, the officers managed to procure the codefendant as a witness for the prosecution upon the promise and assurance of leniency; that his conviction was obtained largely upon the false testimony of this codefendant; that the prosecuting attorney knew this testimony was false at the time it was given; that after petitioner was convicted the charge against this codefendant was reduced from first degree murder to a charge of being an accessory to manslaughter in the third degree; and that upon a plea of guilty to the amended information this codefendant was sentenced to not more than three years. Petitioner further alleges this codefendant later signed a written statement admitting that his testimony was false and was given by him at the trial upon promises and assurances of leniency by the prosecuting attorney.

The motion to vacate was filed April 15, 1965 and on May 11, 1965 the trial court summarily entered the following order denying the motion:

"Defendant David Robert Rodgers, Jr., in Case No. 18273, State of Kansas vs. David Robert Rodgers, Jr., in this Court having filed his post-conviction Motion to Vacate the sentence imposed on April 15, 1965, and the Court having reviewed the files and records of the case, finds conclusively that the prisoner, David Robert Rodgers, Jr., is entitled to no relief."

Counsel for petitioner makes objection to the order because he was not notified in advance and permitted to make any presentation of evidence and argument thereon. He further assured this court at time of oral argument that the written statement of the codefendant regarding the facts set out in the motion is now available for examination.

The petitioner on appeal urges two specifications of error. The first is directed toward the original sentence of petitioner covering his conviction for both murder and robbery. The journal entry as it relates to consecutive sentences reads:

"IT IS FURTHER BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED, That the sentence imposed under Count II, shall start at such time,

if any, that the sentence imposed under Count I is commuted or he is otherwise discharged from the obligation to sentence under Count I."

Petitioner contends that the sentence on the first degree robbery conviction was contingent, and that imprisonment thereunder was to commence upon the happening of a contingency, and was invalid under the holding in *In re Strickler, Petitioner*, 51 Kan. 700, 33 Pac. 620. A casual reading of that case clearly distinguishes it from the present case. There the defendant was given ninety days and his *imprisonment* was not to begin until some contingency happened in the future. In our present case defendant began serving under his life sentence immediately and the court then provided that he should serve the sentence for robbery after the first sentence for murder. The failure to refer to the consecutive sentences as such does not change the effect of the court's decision. The verbiage used could only be interpreted as imposing consecutive sentences. The sentence is not subject to attack upon this ground.

Petitioner's second specification of error relating to the denial of an evidentiary hearing is not as easily disposed of by this court. The two cases cited by the state are *Daegele v. Crouse*, 351 F. 2d 306, and *Martinez v. United States*, 344 F. 2d 325. In the *Daegele* case the claim was made that a plea of guilty was coerced as the result of negligence, conspiracy, chicanery and perjury. This bald conclusionary statement was unsupported in the pleading by any allegation of facts or nomination of witnesses. In the *Martinez* case the court pointed out that the papers filed by appellant in longhand defied intelligent analysis. Neither case is helpful in our present situation where the specific facts and names of witnesses are set forth in the motion to vacate. Even though the charges leveled by the petitioner may seem improbable the matter raised could not be determined alone by the files and records of the court. Perjured testimony induced by a prosecutor to obtain a conviction would impugn the dignity and integrity of our courts and would destroy the very foundations of peace under law, and any conviction resting thereon cannot stand. Under such a charge K. S. A. 60-1507 as implemented by Rule No. 121 of this court requires that the trial court act on the motion by notifying the county attorney and by granting a prompt hearing. The attorney for the moving party should be advised of the hearing and given an opportunity to be present. The court at the hearing should require a record and findings of fact and conclusions of law should be made on all issues presented. (*United States v. Hayman*, 342 U. S. 205; 96

L. Ed. 232; 72 S. Ct. 263; *Mesarosh v. United States,* 352 U. S. 1, 77 S. Ct. 1, 1 L. Ed. 2d 1.) (See also *Perrin v. State,* 196 Kan. 228, 410 P. 2d 298; *Webb v. State,* 195 Kan. 728, 408 P. 2d 662; *Brown v. State,* 196 Kan. 236, 409 P. 2d 772.)

We adhere to our recent decisions that an assertion of innocence by one convicted of a crime need not be reconsidered in a proceeding under K. S. A. 60-1507, (*Hanes v. State,* 196 Kan. 404, 411 P. 2d 643); that such proceeding is not a substitute for direct appeal where trial errors are urged upon this court, (*Miles v. State,* 195 Kan. 516, 407 P. 2d 507); that the files and records of the trial court may conclusively show a prisoner is not entitled to a formal plenary hearing, (*State v. Burnett,* 194 Kan. 645, 400 P. 2d 971); and that it may not be necessary to produce the prisoner at the hearing in the absence of a showing of substantial issues of fact as to events in which he participated. (*Groene v. State,* 195 Kan. 740, 408 P. 2d 580.)

Whether the motion to vacate in the present case can appropriately be disposed of without the presence of the petitioner at the hearing is a question to be resolved in the further proceedings in the district court. The specific and detailed factual assertions of the petitioner, while improbable, at this juncture cannot be said to be incredible when supported in some manner by a written statement of a codefendant. If the allegations are true the petitioner is clearly entitled to relief. (See *Machibroda v. United States,* 368 U. S. 487, 7 L. Ed. 2d 473; 82 S. Ct. 510.) The contents of the written statement would seem to be of sufficient importance to require its production. Not every colorable allegation entitles a prisoner to a trip to the sentencing court. If it shall appear at a pretrial conference or upon any other proceeding before the court that the petitioner's statements are uncorroborated then such uncorroborated statements of the petitioner could very well be found insubstantial and insufficient to justify the production of the prisoner at a full plenary hearing. (*Sanders v. United States,* 373 U. S. 1, 10 L. Ed. 2d 148, 83 S. Ct. 1068; *Perrin v. State,* supra.)

The United States Supreme Court interpreted the federal procedure so as to permit just such determination as we have suggested here. In *Sanders v. United States,* supra, that court said:

"What has been said is not to imply that a movant [under § 2255] must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of

the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner. Whether the petition in the present case can appropriately be disposed of without the presence of the petitioner at the hearing is a question to be resolved in the further proceedings in the District Court."

We conclude that the district court erred in determining in a cursory proceeding that the files and records of this case conclusively showed the petitioner was entitled to no relief. The order of the court is reversed and the case is remanded to the court below for further proceedings in conformity with this opinion.