No. 45,127

Jack M. King, *Appellant,* v. The State of Kansas, *Appellee.*

(436 P. 2d 855)

Opinion filed January 27, 1968.

*John M. Simpson,* of Salina, argued the cause and was on the brief for the appellant.

*Bill Crews,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: It was in early 1964 that the petitioner, Jack M. King, was convicted on a charge of first degree robbery and was

sentenced to a term of from 10 to 21 years in the Kansas State Penitentiary. He appealed the conviction to this court, where it was affirmed in *State v. King,* 194 Kan. 629, 400 P. 2d 975.

The present action was filed July 22, 1966, pursuant to the provisions of K. S. A. 60-1507. The petitioner's motion challenged the validity of his conviction on three grounds: (1) that an incriminating statement given by him was erroneously admitted at the trial; (2) that he was not properly advised as to the nature of the charge and the statutory penalty therefor; and (3) that a conspiracy existed between his co-defendant and the prosecuting officers, which resulted in the petitioner receiving a more severe penalty than did his co-defendant.

Mr. John M. Simpson, of the Kansas bar, was appointed to represent the petitioner and thereafter the district court held an evidentiary hearing at which the petitioner was not present, although he was represented by his appointed counsel. So far as the record discloses, the sole witness to testify was Harold Henderson, a Salina attorney, who had represented the petitioner at his trial. Mr. Henderson was called on behalf of the petitioner and his testimony will be referred to later.

At the conclusion of the hearing the trial court found there were no issues of fact requiring petitioner's personal presence; that petitioner's statement had been properly admitted at the criminal trial and, moreover, that this point had been squarely decided in the former appeal; that the petitioner, in the course of the former proceedings, had been advised of the nature of the charges pending against him and of the penalty therefor; and that there was no evidence of conspiracy on the part of the prosecuting officers. After so finding, the trial court denied petitioner's motion. Mr. King has appealed to this court from that judgment.

The following points are raised on appeal: 1. The finding by the trial court that petitioner was advised of the nature of the charge against him and the penalty therefor is not supported by the evidence. 2. The failure to advise petitioner of the nature of the charge and the penalty therefor violated his constitutional and statutory rights. 3. The admission of petitioner's statement at his trial violated his constitutional rights. 4. The trial court erroneously found there were no issues of fact requiring the petitioner's presence at the hearing. We shall consider these points somewhat out of order.

There was no occasion for the trial court to schedule a hearing of any kind on the admissibility of King's incriminating statement at the criminal trial, or even to determine that question. This was a matter which was thoroughly explored by this court in the former appeal. (*State v. King,* supra.) After fully considering the evidence relating to the circumstances under which the statement was made, we concluded it had been given voluntarily, and after the petitioner had been properly advised as to his rights.

Our former decision effectively disposes of the third point raised by the petitioner, *i. e.,* that his statement was erroneously admitted at the trial. The rules of this court provide that a proceeding under K. S. A. 60-1507 cannot ordinarily be used as a substitute for a second appeal. (Rule No. 121 [*c*] [4], 194 Kan. xxvii; see, also, *Brown v. State,* 198 Kan. 527, 426 P. 2d 49; *Miles v. State,* 195 Kan. 516, 407 P. 2d 507.)

The remaining points raised by the petitioner are interrelated and may be treated together.

Whenever the trial court considers it advisable to hear evidence relating to a motion filed under K. S. A. 60-1507, we deem it by far the best practice for the court to require that the prisoner be present, even though his presence may not be essential to the regularity of the proceedings under every set of circumstances. Rule No. 121 (*h*), (194 Kan. xxviii) provides:

"The prisoner should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to events in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the prisoner to be present."

In *Brown v. State,* 196 Kan. 236, 409 P. 2d 772, this court held that under the confronting facts of that record, the trial court had erred in holding an evidentiary hearing in the petitioner's absence. However, in the course of that opinion we pointed out that the issue involved was substantial and that it pertained to an event in which the petitioner had participated personally. At pages 240-241, we said:

"Where the sentencing court in the exercise of its power of discretion has determined that it was necessary to have an evidentiary hearing because the petitioner's claim was substantial, we hold that it was bound to give the petitioner a full evidentiary hearing and require his presence, because it involved a substantial issue of fact as to events in which he participated."

It is the petitioner's position here that he was never informed, by

counsel or otherwise, concerning the penalty for first degree robbery; that K. S. A. 62-1304 imposed the duty upon his appointed counsel to inform him of the statutory penalty; that if counsel ever did advise him of the penalty, which he denies, the advice was incorrect; and that the trial court should have conducted a full evidentiary hearing into the matter in his, the petitioner's, presence. Although the specifications of error also include a claim that King was not told of the *nature* of the charge lodged against him, this contention has neither been briefed nor argued. We therefore assume this point has been abandoned, as well it might be, in view of the record.

We are obliged to say that an examination of the record does leave considerable doubt as to just what counsel did advise Mr. King as to the penalty for first degree robbery. When the petitioner's motion for a new trial was argued, Mr. Henderson stated at one point that he thought the penalty was five years, while at a later time he mentioned five to twelve years. However, when he testified at the 60-1507 hearing, Mr. Henderson said he customarily discussed relevant statutes with the defendants whom he was appointed to represent and that he harbored no doubt he had done so in this case and had correctly advised King of the statutory penalty.

At this point we deem it proper to point out that when King was arraigned, his counsel informed the court that he had discussed the charge with his client and had read a copy of the warrant to him. Thereupon the court, who prior thereto had correctly advised King of the nature of the charge, inquired of King whether Mr. Henderson was satisfactory as his attorney to which King replied "He has— he is— he has done very well." Mr. King then personally entered a plea of not guilty and the case proceeded to trial.

No matter what uncertainty may exist as to whether Mr. Henderson informed his client of the penalty attached to first degree robbery, or whether Henderson's advice was correct, we believe no substantial issue affecting the validity of the conviction is raised on that account. It is true that K. S. A. 62-1304 enjoins upon an attorney appointed to represent a defendant the duty to inform his client of the penalty for the offense with which he stands charged, but neglect on the part of counsel to fulfill that duty can scarcely be termed prejudicial where the accused has entered a plea of not guilty and has been afforded a trial by jury. Had this petitioner

been induced to plead guilty because of wrong advice given by his counsel, we would be faced by an entirely different situation— a situation from which prejudice might well be inferred. But where, as here, a defendant has been tried on the issue of guilt or innocence, and that issue has thereby been determined, we believe his prior lack of knowledge as to the legal penalty is entirely without relevance.

The fanciful character of the petitioner's argument that error was committed in hearing evidence on the question of his knowledge, at a time when he was not present, comes more clearly into focus when we ask ourselves this question: How might the validity of the conviction have been impugned had the trial court found that King had not been informed of the penalty, or that he had been incorrectly advised? Could it be said that a finding of that kind would vitiate the proceedings which ended in King's conviction? We believe not.

A proceeding under K. S. A. 60-1507 constitutes a collateral attack on a judgment of conviction. By Rule No. 121 (a), *supra*, this court has said that the statute is intended to provide a remedy exactly commensurate with that provided by habeas corpus. The challenge of the attack goes to the legality of the proceedings under which the prisoner is held. In *Ware v. State*, 198 Kan. 523, 426 P. 2d 78, the movant, or petitioner, questioned the legality of his confinement on the ground that subsequent to his conviction he was not advised of his appellate rights. In rejecting this contention, we held:

"Only questions arising under the Constitution of the United States, or the Constitution or laws of the state of Kansas, going to the jurisdiction of the district court to impose a lawful and proper sentence upon the petitioner, or which otherwise subject the sentence to collateral attack, may be raised in a proceeding commenced under K. S. A. 60-1507." (Syl. ¶ 1.)

In *State v. Burnett*, 194 Kan. 645, 647, 400 P. 2d 971, we said that the solicitude with which society surrounds a prisoner's right to an adequate hearing of substantial grievances, through the medium of a 60-1507 action, does not extend to the protection of trivial, frivolous or flimsy claims. We think the contention that King's conviction was poisoned by counsel's failure to apprise him correctly of the penalty for first degree robbery falls within the category of the trivial and unimportant, in view of his plea of not guilty and his subsequent trial by a jury of his peers. While the

petitioner charges that knowledge of the penalty was essential, in various ways, to his proper defense, the sole example he has offered is too insubstantial to merit further comment.

The right of an accused to be informed of the penalty which the charge against him bears, does not come within the language of either the Sixth Amendment to the United States Constitution or § 10 of the Kansas Bill of Rights, as the petitioner would have us believe. Nor is it even argued by Mr. King that his 14th amendment rights have been violated. We believe there is no basis for the petitioner's suggestion that the court lacked jurisdiction to impose sentence upon him.

In summation, we hold the trial court did not err in receiving evidence, in the petitioner's absence, on the question of whether he had been informed, before trial, of the correct penalty for the offense with which he was charged; that this issue was not substantial so far as the validity of the conviction was concerned and did not necessitate an evidentiary hearing, either with or without the petitioner's presence; and that whether the finding as to this matter was supported by evidence is not material to this appeal.

One final point remains: the trial court's finding that there was no evidence of a conspiracy between the petitioner's co-defendant and the prosecution. This finding was likewise made at the conclusion of the hearing held in petitioner's absence. Again, we believe his presence was not required, even though the preferred practice would have compelled his attendance.

The petitioner's motion filed under K. S. A. 60-1507, was on the form set out in Rule No. 121, *supra*. However, the petitioner failed to list the names of any witness or other evidence on which he intended to rely in establishing the grounds of his motion. Hence we are entitled to assume that the petitioner had no witnesses or other evidence to present in proof of a conspiracy, other than his own testimony. Our rules provide (Rule No. 121[g], 194 Kan. xxviii), and our decisions are to the effect, that the uncorroborated testimony of a movant is insufficient to sustain his burden of proving the grounds asserted in his motion. (*Baier v. State*, 197 Kan. 602, 419 P. 2d 865; *Robinson v. State*, 198 Kan. 543, 426 P. 2d 95.)

Moreover, the petitioner, himself, could hardly have participated in the alleged conspiracy, for he was its alleged victim. Accordingly, he would have been in no position to testify as to "events in which

he had participated." We believe the trial court was justified in finding there was no evidence of a conspiracy against Mr. King. The same conclusion would have been justified without a hearing, in view of the presumption that an officer has acted fairly and in good conscience in the performance of his public duty. (*Call v. State*, 195 Kan. 688, 408 P. 2d 668; *Robinson v. State*, supra.)

We find no error on the part of the trial court and the judgment is affirmed.