No. 45,638

James Mearl Sharp, *Appellant*, v. The State of Kansas, *Appellee*.

(457 P. 2d 14)

Opinion filed July 17, 1969.

*Michael Jones,* of Wichita, argued the cause and was on the brief for the appellant.

*Reese C. Jones,* Deputy County Attorney, argued the cause, and *Kent Frizzel,* Attorney General, and *Kieth Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, C. J.: This appeal is from an order denying relief under K. S. A. 60-1507.

On January 17, 1959, defendant James Mearl Sharp (petitioner and appellant here) was charged in the district court of Sedgwick

county in three counts—being kidnapping in the first degree, kidnapping in the second degree, and forcible rape, respectively.

Under court appointment, Mr. James B. Harrison had represented defendant at his preliminary examination, but later was permitted to withdraw "for the reason that defendant has wholly failed to cooperate."

Mr. John Dekker, a member of the Wichita bar, was then appointed to represent defendant.

On January 27, 1959, the matter came on for hearing in the district court and the following proceedings were had. (Mr. Sanborn and Mr. Goodwin were county attorney and deputy county attorney, respectively.)

"MR. SANBORN: The State moves to dismiss count 2 of the information charging second degree kidnapping of the child.

MR. DEKKER: Did the Court sustain that motion?

THE COURT: Yes, that motion will be sustained, Are you ready?

MR. GOODWIN: Yes.

MR. SANBORN: Your Honor we have before the Court James Merl Sharp with his attorney Mr. Dekker.

THE COURT: All right. Your name, sir, is James M-e-r-l-e?

THE DEFENDANT: M-e-a-r-l.

THE COURT: James Mearl Sharp?

THE DEFENDANT: Yes, Sir.

THE COURT: How old are you Mr. Sharp?

THE DEFENDANT: 32.

THE COURT: 32 years?

THE DEFENDANT: Yes.

THE COURT: Do you have an attorney to represent you in this matter Mr. Sharp?

THE DEFENDANT: Yes, sir.

THE COURT: And that attorney is who?

THE DEFENDANT: Mr. Dekker.

THE COURT: Mr. John Dekker?

THE DEFENDANT: Yes.

THE COURT: And the Court has appointed Mr. Dekker to represent you in this matter?

THE DEFENDANT: Yes.

THE COURT: And you have discussed this matter with Mr. Dekker?

THE DEFENDANT: Yes, sir.

THE COURT: Has he been arraigned?

MR. DEKKER: Your Honor I was informed when I was appointed that he was formally arraigned.

MR. GOODWIN: He has been formally arraigned.

THE COURT: You did get a copy of this Information?

THE DEFENDANT: Yes, sir.

THE COURT: And you have read it and discussed it with Mr. Dekker?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Sharp after having received a copy of this Information and after having discussed this matter with Mr. Dekker are you in your opinion familiar with the charges that the State has brought against your here?

THE DEFENDANT: Yes, sir.

THE COURT: In other words you know what you are charged with?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Dekker in your opinion does Mr. Sharp—first let me ask you this, have you discussed this Information and these charges with Mr. Sharp?

MR. DEKKER: Yes, your Honor, I have discussed all charges against him and the probable evidence and the result of the trial, the possible outcome of the trial, and also the possible sentence that may be imposed.

THE COURT: Well, in your opinion Mr. Sharp is acquainted and familiar with the charges that the State has filed against him?

MR. DEKKER: Yes, your Honor, but I don't believe he has been informed that the second count has been dismissed.

THE COURT: Is that your understanding Mr. Sharp? Count 2, the second count that the State had filed here, and that is in substance that count of kidnapping so far as it pertained to Scott Ellis Louthan has been dismissed by the State.

THE DEFENDANT: Right.

THE COURT: The leaves the count one then, the charge of kidnapping Sharron Lucille Louthan; and the now second count, that being the count of rape. Am I correct Mr. County Attorney?

MR. SANBORN: Yes, your Honor.

THE COURT: Then as to this count one, this charge of kidnapping one Sharron Lucille Louthan, Mr. Sharp, how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty, sir.

THE COURT: Will you speak up just a little bit so that Mr. Potts can hear you?

THE DEFENDANT: Guilty.

THE COURT: You are pleading guilty to count one, Mr. Sharp, for the reason that you are guilty?

THE DEFENDANT: Yes, sir.

THE COURT: And for the reason that you did what the State charges that you did?

THE DEFENDANT: Yes.

THE COURT: Now as to the now second count, that count of rape, how do plead to that count, guilty or not guilty?

THE DEFENDANT: Guilty, your Honor.

THE COURT: You are pleading guilty to the now second count for the reason that you are guilty of having done what the State charges you with having done?

THE DEFENDANT: Yes, sir.

THE COURT: Now I think under the statute we have to have a bit of evidence.

Mr. Dekker: I think there should be evidence, your Honor, then I would like to make a short remark prior to sentencing about the sentencing.

The Court: All right."

Having accepted the plea of guilty to the charge of kidnapping in the first degree, the court, pursuant to the provision of the statute which now appears at K. S. A. 21-449, heard evidence as to the circumstances of the offense.

The victim testified that about one o'clock in the morning of November 28, 1958 the car in which she was riding with her husband and baby stalled. The defendant drove up and offered to assist. He and her husband then left her and the baby in the stalled car and drove to a friend's home for help. Defendant returned shortly and told her that the friend's car would not start either, and that her husband had sent him back for her and the baby. They got in defendant's car. Instead of going to where her husband was waiting defendant drove out on a country road and stopped. He struck her several times and then raped her. In open court she identified defendant. She was not cross-examined.

Being before the court for sentence on the two charges, the court inquired of defendant if he knew of any reason why sentence should not be pronounced on each. As to each charge defendant replied—

"No, sir."

Mr. Dekker then made a plea that a sentence of death not be imposed.

Mr. Goodwin announced that the state did not seek the death penalty.

The court then sentenced defendant on the kidnapping charge to confinement in the penitentiary for life (K. S. A. 21-449) and on the forcible rape charge to confinement in the penitentiary for not less than 5 years nor more than 21 years (K. S. A. 21-424), the sentences to run concurrently.

On May 17, 1968, defendant (hereafter referred to as petitioner) filed a motion for relief under K. S. A. 60-1507.

This motion stated that petitioner's plea of guilty was coerced and that no appeal was taken because he was told by his counsel that if an appeal was successful the court and county attorney would see to it that he got the death penalty, and alleged—

"10. (a) That my plea of guilty was coerced, to keep from being hung, as

advised by my counsel who was inadequate and ineffective and hostile toward me.

(b) That I was coerced out of an appeal on the same advice by inadequate and ineffective and hostile counsel, who informed me if I did appeal and was successful, I would be sure to get the death penalty on the new trial.

(c) That the Statute for kidnapping K. S. A. G. S. 21-449 (1957) Supp of G. S. (1949) is unconstiutional and counsel failure to advise that the law may be unconstitutional as applied in a jury trial makes petitioner conviction null and void.

(d) That the vast publicity by the newspapers, Radio and Television news broadcasts and comments would of prevented a fair jury trial, and counsel refused to ask for a change of venue, and that I had better plead guilty if I knew what was good for me.

"(e) I would like for the court to subpoena:

Att. John Dekker
800 Brown Building
Wichita, Kansas 67202"

On September 3, 1968, the motion came on for hearing. The state was present by a deputy county attorney. There were no other appearances. After examining the files and records of the case the court made findings of fact reciting the substance of the proceedings had on January 27, 1959, above quoted. The court further found that in his motion petitioner made no claim of any coercion by any person to bring about his plea of guilty; that he listed no witnesses who would substantiate his claim of coercion, and that there was nothing in the record concerning the alleged publicity in connection with the crime to which petitioner had pleaded guilty.

As conclusions of law the court held that (1) a judgment of conviction of crime carries with it a presumption of regularity and one attacking it has the burden of proof and that such burden is not sustained by unsupported and uncorroborated statements; (2) a voluntary plea of guilty is a confession of guilt of the crime charged and legally is the most formal and binding confession possible and is not lightly to be set aside; (3) petitioner's uncorroborated statements in his motion and failure to list any witnesses who would corroborate such statements are insufficient as a matter of law; (4) the choice not to appeal having been made by the petitioner, is binding on him; (5) the kidnapping statute is constitutional, and (6) in a 60-1507 proceeding, in the absence of evidence other than petitioner's uncorroborated statements, it must be assumed that counsel fairly and fully advised him of his rights—including the right to appeal. The court held that the files and records of the

case showed conclusively that petitioner was entitled to no relief, and judgment was entered accordingly.

On September 12, 1968, petitioner filed a motion for rehearing. It was denied on September 13.

Petitioner filed a notice of appeal, *pro se,* and a motion for appointment of counsel. Mr. Michael Jones, a member of the Wichita bar, was appointed to represent him on appeal.

Although the record on appeal lists seventeen statements of points—basically, only two contentions are made.

One is that the first degree kidnapping statute (K. S. A. 21-449), as applied to this case, is unconstitutional. The contention is this—

An essential ingredient of the provision of the kidnapping statute of which petitioner was convicted is the infliction of bodily harm to the victim. Here the bodily harm relied on was the act of forcible rape. In addition, petitioner also was convicted of forcible rape, and thus both convictions arose out of the same act—carnal knowledge of a female person. It therefore is argued petitioner was twice put in jeopardy for the same offense in violation of the fifth amendment to the federal constitution.

A similar contention was rejected in *State v. Brown,* 181 Kan. 375, 389, 390, 312 P. 2d 832, in which it was held (syl. 4) that where a defendant is charged with rape in one count and kidnapping in the first degree in another count, both growing out of one comprehensive plan, the defendant is properly charged under the statute with kidnapping in the first degree—there being no defect in the charge on the ground that rape supplied the element of bodily harm required in proof of kidnapping in the first degree. The rule was adhered to in *State v. Ayers,* 198 Kan. 467, 472 (syl. 2), 426 P. 2d 21.

As to this point petitioner's contention is not sustained.

Petitioner's other contention—although variously stated—is that he was denied a fair and adequate evidentiary hearing on his motion and that the court erred in finding that no claim of coercion was made and that he listed no witnesses to substantiate such claim.

Strictly speaking, we believe the court did misconstrue the allegations of petitioner's motion, for it is quite apparent that he was contending that his plea of guilty was coerced by his counsel—Mr. Dekker—who also wrongfully advised him not to appeal, and that he wanted to prove such facts at the hearing on his motion by calling Mr. Dekker as a witness.

But, brushing aside all technicalities as to "imperfections" in petitioner's motion and the reasons stated in the court's findings and conclusions—we believe the question squarely presented amounts to this:

On this record—showing in detail the proceedings and allocution when petitioner in open court entered pleas of guilty in 1959—is he entitled to an evidentiary hearing on the bare allegations of his motion to the effect that he pleaded guilty and did not appeal under coercion of his counsel?

On the record before us the answer must be "no".

There is no occasion here to quote from our many recent decisions dealing with the force, effect and finality of a voluntary plea of guilty; with claims of inadequate and ineffective representation by counsel; with the rule that mere uncorroborated statements of a petitioner are insufficient to grant relief, and with the rules governing when an evidentiary hearing must be granted. *Craig v. State*, 198 Kan. 39, 40, 42, 422 P. 2d 955, is a good example.

We have set out verbatim the proceedings had on January 27, 1959, in order to show exactly what took place. They speak for themselves—and, among other things—show that petitioner was questioned in detail as to his pleas, that the charges had been discussed with his counsel, and that he was pleading guilty because he was guilty. In response to a question by the court his counsel stated that he had discussed with petitioner the charges, probable evidence, the possible outcome of a trial, and the possible sentence that might be imposed. Throughout the proceedings there was not the slightest hint or indication of "coercion" as now contended by petitioner. And, with respect to no appeal being taken—what was there to appeal from? As to the contention about publicity at the time—the record is completely silent on the matter. Further, the district judge who ruled on petitioner's 60-1507 motion was the sentencing judge in 1959.

In the recent case of *Boykin v. Alabama*, 395 US 238, 23 L Ed 2d 274, 89 S Ct 1709, (June 2, 1969) the defendant had pleaded guilty to five counts of robbery. When the matter reached the Supreme Court of the United States the conviction was reversed because nowhere did it appear from the record that when the pleas were entered the court asked any questions of the defendant or that defendant had addressed the court. In other words, it was held that the conviction could not stand because the record did not disclose

"that the defendant voluntarily and understandingly entered his pleas of guilty".

Just the opposite is true in the case before us: The record here affirmatively shows the pleas to have been voluntarily and understandingly made, and it is not to be impeached nine years later on the mere uncorroborated bald statements in petitioner's motion. Our decision is not to be construed as completely foreclosing all inquiry into the facts and circumstances surrounding a plea of guilty—but under this record the court was fully justified in not granting an evidentiary hearing and in denying relief.

The judgment is affirmed.

SCHROEDER, J., concurring: While I agree with everything said in the court's opinion, an observation is deemed necessary to clarify my position in this case.

In his motion the petitioner claims he was coerced to plead guilty and coerced not to appeal his conviction and sentence. He names counsel who represented him in the trial court as a witness to sustain these charges. Actually, what the petitioner says in his motion (par. 10 [a] and [b]) is in substance, "I was coerced because I followed *the advice* of my counsel."

Now, one either follows the advice of his own counsel voluntarily in a lawsuit or he does not follow it. The petitioner inferentially admits the reasons advanced by his counsel were persuasive and prevailed when he made his decision to plead guilty and not to appeal the conviction.

The petitioner, therefore, does not state facts in his motion, even if established by the testimony of his own counsel, to warrant relief on the ground that he was coerced to plead guilty and refrain from appealing the conviction. What he says in his motion is, "I was voluntarily coerced," which is nothing more than a frivolous claim.

The word "coerced" used by the petitioner in his motion was simply not used in its ordinary sense, which in the eyes of the law would ordinarily warrant relief, if established.

O'CONNOR, J., joins in the foregoing concurring opinion.

FONTRON, J., dissenting: With considerable reluctance I am obliged to disagree with the majority opinion. The essence of the

petitioner's 60-1507 motion is, as accurately diagnosed by the court, that he was coerced by his own counsel into entering his plea of guilty, and he desired to call his counsel, Mr. Dekker, as a witness to prove the point. Under this state of facts it is my opinion that the trial court's failure to hold an evidentiary hearing constituted error.

Rule No. 121 (*f*) of the Supreme Court (201 Kan. xxxiii) reads as follows:

"Unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief, the court shall notify the county attorney and grant a prompt hearing. 'Prompt' means as soon as reasonably possible considering other urgent business of the court. All proceedings on the motion shall be recorded by the official court reporter."

Subsection (*h*) of the same rule provides:

"The prisoner should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to events in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the prisoner to be present."

I cannot reconcile the court's present opinion with the foregoing sections of our rule or with our former pronouncements interperting the rule. The basis of the petitioner's claim, *i. e.*, that his plea was coerced, and thus rendered involuntary by virtue of his attorney's advice and hostility, is clearly not insubstantial. Nor can the worth of this contention be determined, implausible though it may seem, solely by reference to the files and records of the case itself. The record made at an arraignment may constitute a *prima facie* showing of voluntariness on the part of an accused, but it is subject to challenge, as in this case.

In *Rodgers v. State,* 197 Kan. 622, 419 P. 2d 828, this court reversed the judgment of the lower court which summarily overruled a motion under K. S. A. 60-1507 where allegations of fact were set forth, and witnesses were named in support thereof. In remanding the case for an evidentiary hearing, the court, speaking through Mr. Justice Fromme, said:

". . . Even though the charges leveled by the petitioner may seem improbable the matter raised could not be determined alone by the files and records of the court. . . ." (p. 624.)

True, Rule No. 121 (*g*) provides that the uncorroborated statements of the movant, or petitioner, are insufficient to sustain his burden of proof, and we have held that where a petitioner lists no

witness on whom he intends to rely in support of his motion, it may be assumed supporting witnesses are not available, and an evidentiary hearing is not required. (*Baier v. State*, 197 Kan. 602, 419 P. 2d 865; *King v. State*, 200 Kan. 461, 436 P. 2d 855.) However, since the present motion sets forth the name of a witness whom petitioner intends to produce to support his claim, Rule No. 121 (*g*) has no bearing in this case.

The crime to which the petitioner pleaded guilty, and the circumstances shown surrounding it, are revolting at best. Nonetheless, so far as this particular action is concerned, I must respectfully differ with my learned colleagues. In my judgment the case should be remanded with directions that an evidentiary hearing be held.

FATZER, J., joins in the foregoing dissenting opinion.