No. 45,683

ARCHIE MATHUES, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(460 P. 2d 545)

Opinion filed November 8, 1969.

*Ward E. Loyd,* of Garden City, argued the cause and was on the brief for the appellant.

*Richard F. Hayse,* Assistant Attorney General, argued the cause, and *Kent Frizzell,* Attorney General, and *John S. Elting,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.:  Following a full evidentiary hearing in a proceeding brought under K. S. A. 60-1507 petitioner was denied relief. He appeals from that ruling.

Petitioner, Archie Mathues, was charged in two counts with obtaining money under false pretenses as defined by K. S. A. 21-551. The substance of the charges was similar to that in the related case of *State v. Paxton,* 201 Kan. 353, 440 P. 2d 650 (supplemental opinion, 201 Kan. 607), cert. den. 393 U. S. 849, 21 L. Ed. 2d 120, 89 S. Ct. 137.

On November 10, 1966, petitioner appeared before the county court of Lane county with his retained counsel, Harold E. Jones, of Dighton. A preliminary examination was waived, and petitioner was bound over to the district court for trial.

On December 7, 1966, petitioner appeared before the district court. The following proceedings were had:

"APPEARANCES

"The State appears by Mr. John S. Elting, County Attorney of Lane County, Dighton, Kansas.

"The defendant appears in person and by Mr. Harold E. Jones, Dighton, Kansas.

"THE COURT: Let the record show this is Case No. 310, the State of Kansas vs. Archie Mathews, also known as A. L. Mathews. The State appears by John S. Elting, County Attorney. The defendant appears in person, in custody of the Sheriff, and without an attorney who has been formally appointed in this court.

"MR. JONES: No, he has employed me.

"THE COURT: You have been employed?

"MR. JONES: Yes.

"THE COURT: So he appears by Harold E. Jones, his privately empoyed attorney.

"Are you ready for arraignment?

"MR. JONES: Your Honor, the defendant will waive his arraignment, formal arraignment, at this time.

"THE COURT: Mr. Mathews, step forward here. Now, Mr. Mathews, you are charged in this Information with two felony counts of obtaining money under false pretenses, as defined by Section 21-551 of the General Statutes of 1949. A felony is a crime for which you can be sent to the penitentiary; do you understand that?

"DEFENDANT: Yes sir.

"THE COURT: It's a very serious matter. These two counts charge that you cheated and defrauded one Dorothy Ehmke, in the first count, and also a second count that you defrauded her.

"MR. JONES: That's one matter I forgot about and I was going to talk to the County Attorney, and possibly we can do it at this time, this second count which was charged, he never had a preliminary hearing on Count Two. They changed the names of the parties with whom he was alleged to have defrauded and I was wondering if it would be satisfactory to plead guilty on the one count, since there has been no preliminary hearing on the second.

"MR. ELTING: That's all right with us.

"THE COURT: As I understand it, the State is willing to dismiss the second count.

"MR. ELTING: Yes, on the defendant pleading guilty.

"THE COURT: Now that clarifies the situation, Mr. Mathews; you have just one count on which you could be sentenced to the penitentiary, and the sentence would be the same sentence as the grand larceny sentence, under Section 21-534, which is a sentence of not more than five years. Now your attorney here has offered to waive the formal arraignment; that means having the County Attorney read this Information to you, so you would know exactly what you are charged with. Do you understand that?

"DEFENDANT: Yes.

"THE COURT: Do you wish to waive formal arraignment?

"DEFENDANT: Yes, sir.

"The Court: I will accept your waiver of formal arraignment. How do you wish to plead to this charge, guilty or not guilty?

"Defendant: Guilty.

"The Court: You wish to plead guilty?

"Defendant: Yes, sir.

"The Court: Is this in accordance with your advice, Mr. Jones?

"Mr. Jones: Yes, sir.

"The Court: You have been privately employed?

"Mr. Jones: Yes, sir.

"The Court: You have spent quite some time talking to this man, I understand.

"Mr. Jones: I have.

"The Court: Mr. Mathews, do you understand that if you choose to plead not guilty to this charge you would be entitled to a trial by jury?

"Defendant: Yes, sir.

"The Court: And that before that jury could convict you they would have to find you were guilty beyond a reasonable doubt; you wouldn't have to prove you were innocent, the State would have to prove you were guilty? Do you understand that?

"Defendant: Yes, sir.

"The Court: That witnesses could be called and Mr. Jones would appear and try the case for you; you understand that?

"Defendant: Yes, sir.

"The Court: Knowing all these things, you still wish to plead guilty?

"Defendant: Yes, sir.

"The Court: Are you pleading guilty because anyone has made any promises to you or any threats to you or anything like that?

"Defendant: No, sir.

"The Court: No one told you I'm going to grant you probation or anything like that?

"Defendant: No, sir.

"The Court: There haven't been any deals made?

"Defendant: No, sir.

"The Court: Are you pleading guilty because you actually did this?

"Defendant: Yes, sir.

"The Court: Did you actually obtain a check for $878.00 from this Dorothy Ehmke?

"Defendant: Yes, sir.

"The Court: And did you get that check by telling her there were powder post beetles when you knew that that wasn't so?

"Defendant: Yes sir.

"The Court: Under those circumstances I'm going to accept your plea of guilty to obtaining money under false pretense as defined by Section 21-551, General Statutes of 1949. Now, is there any legal reason why sentence should not now be pronounced?

"Mr. Jones: No reason, Your Honor.

"The Court: Does the State know of any?

"Mr. Elting: We have no reason.

"THE COURT: Mr. Mathews, it will be the sentence of this Court under the provisions of Section 21-534 of Kansas Statutes Annotated that you be confined at hard labor at the Kansas State Penitentiary in Lansing, Kansas, for a term not exceeding five years. How long have you been in jail?

"DEFENDANT: I don't know; about seven weeks, I think.

"MR. JONES: Do you know the exact date?

"SHERIFF PAUL MARSTELLER: Your Honor, it's 10/28, 28th day of October.

"THE COURT: All right, I am going to further order that this sentence begin effective as of October 28th, in accordance with the applicable statute, so that he will have credit for the time he's spent in jail from October 28th. Is there anything further?

"MR. JONES: The defendant has nothing further.

"MR. ELTING: The State has nothing further."

(Although in the foregoing proceedings—which are quoted from the Record on Appeal—petitioner's name is shown as "Mathews" —we were advised by counsel at the oral argument of this appeal that the correct spelling of his name is "Mathues"—and that there is no question as to identity.)

On October 18, 1968, petitioner, *pro se*, filed a motion to vacate the judgment and sentence, alleging inadequate representation by his retained counsel, Mr. Jones. Among other things, the motion charged that Mr. Jones was guilty of a conflict of interest and that he had failed to advise petitioner of his right to appeal.

The court ordered an evidentiary hearing, and appointed Mr. Ward E. Loyd, an attorney of Garden City, to represent petitioner.

The matter came on for hearing on December 19, 1968, with petitioner present in person and by counsel.

The evidence of petitioner consisted solely of his own testimony.

The state's evidence consisted of the testimony of Mr. Jones.

At the conclusion of the hearing the court ruled:

"The court after examining the papers on file in said action together with the transcript of the court proceedings pertaining to the taking of the plea of guilty of the defendant in case No. CR 310 in said court and after listening to argument by petitioner's counsel and reading the brief submitted by petitioner's counsel finds as follows:

"1. The movant was fairly and very effectively represented by his privately employed counsel; that he was given excellent advice and excellent results were obtained, and that privately employed counsel has in no way violated any duty or obligation to the movant, and in fact did far more than is required of counsel.

"2. That the mere fact that movant's privately employed counsel in the criminal proceedings in CR 310 in the District Court of Lane County, Kansas, Harold E. Jones; name had been written in by the opposite political party for the office of County Attorney did not cause any conflict of interest; that the

fact that Mr. Jones was City Attorney did not in fact cause any conflict of interest or in any way affect the representation given the petitioner and movant.

"3. That the movant, Mr. Mathues, at the time of his arraignment and sentence, plead guilty in open court, after the court had made every effort to ascertain by stating the facts which the defendant had done in committing the crime charged in the information and to determine whether or not the defendant in Case No. CR 310 and the movant herein really intended to plead guilty. The court finds that the plea of Archie Lee Mathues was fairly made and fairly accepted and that there has been no error or irregularity of any sort in this matter. That the motion herein filed on behalf of movant by and through the authority of, and pursuant to K. S. A. 60-1507, is expressly overruled and denied."

Petitioner has appealed.

The gist of petitioner's argument—although variously stated—is that the representation afforded him by Mr. Jones was, at best— merely perfunctory—and that the court erred in not so finding.

It is unnecessary to detail the testimony of petitioner and Mr. Jones at the evidentiary hearing. The judge at that hearing also was the sentencing judge in 1966 when petitioner entered his plea of guilty, and he simply did not believe petitioner's uncorroborated statements with respect to the alleged inadequate representation by Mr. Jones. The court's findings were fully supported by the record and the testimony of Mr. Jones.

Attacks on counsel have become quite frequent in the past few years. No one denies that the right to counsel means the right to the effective assistance of counsel (*Smith v. State*, 199 Kan. 293, 429 P. 2d 103), and that is what petitioner was found to have received in this case. The record of the proceedings when petitioner entered his plea of guilty is strikingly similar to that in *Sharp v. State*, 203 Kan. 937, 457 P. 2d 14, in which a majority of this court held that the denial of an evidentiary hearing was not erroneous. Here, however, the court did grant an evidentiary hearing!

We do not intend this as criticism of petitioner's present appointed counsel, and what is said is not to be construed as completely foreclosing all inquiry into the facts and circumstances surrounding a plea of guilty. But—under a record such as this—which shows a painstaking effort by the trial court to ascertain whether a plea of guilty was knowingly, understandingly and voluntarily made—all in full compliance with the rule of *Boykin v. Alabama*, 395 U. S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (cited in the *Sharp* case)—we believe there should be a finality somewhere along the line and that counsel should not be subjected to the harassment which is evident

here. Further—as to the contention petitioner was not advised of his right to appeal following his plea of guilty—the question might well be asked—what was there to appeal from?

The record here—including the formal allocution in compliance with K. S. A. 62-1510—speaks for itself. The findings denying relief under K. S. A. 60-1507 are fully supported by the evidence. The appeal is without merit.

The judgment is affirmed.