No. 45,709

DONALD O'NEAL GRIFFIN, *Appellant,* v. THE STATE OF KANSAS, *Appellee.*

(461 P. 2d 814)

Opinion filed December 6, 1969.

*Roger K. Wilson,* of Wichita, argued the cause and was on the brief for the appellant.

*Richard K. Hollingsworth, Deputy County Attorney,* argued the cause, and *Kent Frizzell,* Attorney General, *Keith Sanborn,* County Attorney, and *Donald Foster,* Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: This appeal is from an order denying relief in a proceeding under K. S. A. 60-1507.

In September 1964 a complaint was filed charging petitioner with burglary in the first degree. It also appears that he was charged in police court with being drunk—the two offenses being simultaneous in point of time and place. Upon his plea of guilty to the drunkenness charge he was sentenced to serve 60 days at the city prison farm.

In November 1964 petitioner appeared in court in person and with Mr. Price Woodard, his retained attorney, on the burglary charge. A preliminary examination was waived, and petitioner was bound over to the district court for trial.

An information charging burglary in the first degree was filed. On March 8, 1965, petitioner appeared in the district court for arraignment. Mr. Woodard was present. It appeared that he had not been compensated for his services and that petitioner was without funds. The court then, with the consent of petitioner, formally

appointed Mr. Woodard to represent him in the district court proceedings.

Formal arraignment was waived, whereupon the court inquired of petitioner and Mr. Woodard in detail—a portion of which follows:

". . .

"Q. (By the Court) All right. Mr. Griffin have you talked to Mr. Woodard about this charge that the State has filed against you here?

"A. Yes, sir.

. . .

"Q. Have you talked to Mr. Woodard about this charge? Have you discussed your case with Mr. Woodard?

"A. Yes.

"Q. You know what you are charged with?

"A. Yes.

"Q. You know that you are entitled to enter a plea here, or you are entitled to have a jury trial?

"A. Yes, sir.

"Q. And you know what the penalty is for this crime that you are charged with, you have talked to Mr. Woodard about that?

"A. Yes, sir, I know.

"Q. In your opinion have you talked to Mr. Woodard enough about this case that you think you are familiar with what your rights here are this morning?

"A. Yes, sir.

"Q. And Mr. Woodard in your opinion after having talked to Mr. Griffin about this matter, the times that you have discussed it with him, would it be your opinion that he is familiar with what his rights are here this morning?

"MR. WOODARD: Yes, your honor.

"Q. Is it your desire—or do you want, Mr. Griffin, to have a jury trial or do you want to enter a plea here this morning?

"A. I want to enter a plea.

"Q. You want to enter a plea in the case?

"A. Yes.

"Q. How do you desire to plead, either guilty or not guilty?

"A. Guilty.

"Q. You are pleading guilty because you are guilty of what they charge you did?

"A. Yes, sir.

"Q. Are you pleading guilty because of any promises or any threats that anyone has made to you?

"A. No.

"Q. On your plea of guilty do you know of any reason why the Court should not sentence you?

"A. No, sir."

Accordingly, petitioner was sentenced to confinement in the penitentiary for a term of not less than ten years nor more than twenty-

one years as provided by K. S. A. 21-523. Oral application for a parole was denied.

On August 5, 1968, petitioner, *pro se,* filed a motion to vacate and set aside his sentence. The motion, among other things, alleged that while petitioner was confined at the city prison farm on the drunkenness sentence four police officers interrogated him concerning the burglary in question and told him that unless he signed a confession the habitual criminal statute would be invoked in the event he was convicted; that he signed a confession under coercion; that he had been denied counsel and not advised of his constitutional rights and of his right to appeal, and that he was promised a five to ten year sentence upon a plea of guilty to second degree burglary when in truth and in fact he was sentenced to ten to twenty-one years upon his plea of guilty to first degree burglary. The motion named no witnesses to be called to testify, but did request that "all state records and two deputy sheriffs, together with his former parole officer"—be made available to him.

The motion came on for hearing on January 3, 1969. Petitioner was not present in person or by counsel. The court, after examining the files, records and transcript of the former proceedings found that they conclusively showed petitioner was entitled to no relief; that the plea of guilty was entered in accordance with law and that throughout the entire proceedings petitioner had been represented by counsel; that petitioner's motion failed to list any facts or witnesses to substantiate his claim, and that his uncorroborated statements were insufficient to cause the court to grant an evidentiary hearing. Relief was denied.

Petitioner has appealed, and present counsel was appointed to conduct the appeal.

Most of the petitioner's contentions are so patently frivolous as to warrant no mention. His chief complaint, however, appears to be the court erred in not appointing counsel and in denying him an evidentiary hearing on his motion.

This case is not unlike the two recent cases of *Sharp v. State,* 203 Kan. 937, 457 P. 2d 14, and *Mathues v. State,* 204 Kan. 204, 460 P. 2d 545. In the *Sharp* case it was held that the denial of an evidentiary hearing was not error.

Here, as in the above cases, the record shows a painstaking effort by the trial court to ascertain the facts surrounding the plea of guilty. Here, petitioner at all times, was represented by competent

and experienced counsel of his own choosing—who incidentally—had known petitioner all of his life. Petitioner was no novice—he was 22 years of age and had a previous conviction of burglary in the first degree. His motion for relief under 60-1507 even stated that he was not represented by counsel at his preliminary examination and at his arraignment and plea—all of which was absolutely false!

With respect to such a patently groundless attempt to vacate and set aside a sentence imposed upon a plea of guilty under a record such as presented here—we repeat by reference what was said in the *Sharp* and *Mathues* cases, above. On this record, and pursuant to Rule No. 121 (*f*), (*g*), (*h*), (*i*), (201 Kan. xxxii) the court did not err in denying an evidentiary hearing and in denying relief.

The judgment is affirmed.