Lawrence J. HEFNER, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 70-238 Civ.

United States District Court, W. D. Oklahoma.

May 14, 1970.

Lawrence J. Hefner, pro se.

Wm. R. Burkett, Woodward, Okl., for respondent.

## ORDER

DAUGHERTY, District Judge.

Petitioner applies for Writ of Coram Nobis on the basis his conviction and sentence obtained on his plea of guilty in this Court in Case No. 18822, United States v. Lawrence Joseph Hefner, is void because he was not provided with counsel nor waived counsel therein and the Court violated Rule 11, Federal Rules Criminal Procedure. Petitioner is presently serving a five to ten year sentence in the Nevada State Prison pursuant to a judgment and sentence of the court of that state. Petitioner has served the sentence of this Court which he now attacks and the reason for attacking it is that it is being used to enhance his Nevada punishment in making Petitioner ineligible for release on parole.

Petitioner alleges:

### "IV.

That the judgement [sic] and sentence of the above-entitled court of February, 1961[2] is no longer constitutionally valid because of the recent holdings of the United States Supreme Court concerning knowing waivers of constitutional rights, pleas of guilty and personal inquiry by the trial courts in re Rule 11, F.R.C.P.."

In his Memorandum, Petitioner states:

"No where in the transcribed record is there any verification that this petitioner made an affirmative, intelligent, knowing waiver of his right to counsel at any stage of the proceedings had against him in this court." And " * * * petitioner was deprived of his right to counsel, in re Burgett, supra, * * *."

As to Petitioner's Rule 11 Complaint, he was convicted and sentenced in this Court in the above case on February 7, 1962 not 1961 as alleged by Petitioner. Rule 11, Federal Rules Criminal Procedure, was amended February 28, 1966 effective July 1, 1966. Thus, Petitioner was sentenced under old Rule 11. Old Rule 11 did not contain the words "addressing the defendant personally." This language was inserted in amended Rule 11 which did not become effective until after Petitioner's conviction and sentencing was obtained in the above case. Moreover, the Court did make personal inquiry of the Petitioner. This claim is wholly void of merit.

As to Petitioner's claim that he was deprived of his right to counsel, on which he relies on Burgett v. Texas, 389 U.S. 109, 19 L.Ed.2d 319, 88 S.Ct. 258 (1967), the file in Case No. 18822, supra, contains Petitioner's signed Waiver of Counsel, a photocopy of which is attached hereto as Exhibit A. In *Burgett,* the record of the state court conviction involved therein did not disclose that the accused was represented by counsel nor did it indicate that counsel had been waived. The court said, "Presuming waiver of counsel from a silent record is impermissible." In Case No. 18822, supra, the record is not silent but affirmatively shows that Petitioner waived his right to counsel in open court and signed a Waiver of Counsel to that effect. Thus, *Burgett,* supra, is not applicable to the facts of this case. Petitioner's assertion that he did not affirmatively, intelligently and knowingly waive counsel, if he makes this assertion, is only a bald conclusion unsupported by allegation of fact and is legally insufficient to warrant consideration. Martinez v. United States, 344 F.2d 325 (10 Cir. 1965).

Petitioner's Petition for Writ of Coram Nobis is dismissed this 14 day of May, 1970.

**750**

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

FILED IN OPEN COURT
JAN 22 1962
Vera L. Howard, CLERK
by _____
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. **18822** -Criminal |
| vs. | ) |
| | ) WAIVER OF COUNSEL |
| *LAWRENCE JOSEPH HEFNER* | ) |
| Defendant. | ) |

    I, the undersigned defendant in the above-entitled case do hereby state and acknowledge that the indictment or information has been fully explained to me, and I am fully advised of the charge against me contained therein. I further state that the Court has duly explained to me my constitutional rights, including my right to have counsel appointed for me.

    I hereby waive the right to have counsel, and enter a plea of *GUILTY* to each count set forth in said indictment or information.

    I have carefully read the foregoing before affixing my signature thereto at Oklahoma City, Oklahoma this *22nd* day of *JANUARY*, A. D. 196*2*.

*Lawrence Joseph Hefner*
                       Defendant.

    We, the undersigned, were present at the time the Court apprized the defendant of his constitutional rights, and witnessed the signature of the defendant.

_____

_____

[A1901]