No. 46,242

Von J. Greathouse, *Appellant,* v. State of Kansas, *Appellee.*

(483 P. 2d 486)

Opinion filed April 10, 1971.

*Byron E. Springer,* of Lawrence, argued the cause and was on the brief for the appellant.

*John Mike Elwell,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, and *Daniel A. Young,* former county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: This is a proceeding for postconviction relief under K. S. A. 60-1507.

On September 25, 1967, appellant Von J. Greathouse pleaded guilty to two counts of first degree robbery. Statutory sentences to be served consecutively were imposed on October 5, 1967. No appeal was taken from this judgment.

On April 13, 1970, and again on April 17, 1970, appellant filed, *pro se,* a motion attacking these sentences and convictions. May 28, 1970, present counsel, appointed by the trial court, filed an amended motion in appellant's behalf. Thereafter the court held a pretrial conference at the conclusion of which it denied appellant's motion without evidentiary hearing, finding in effect that an examination of the files, records and transcript of the former proceeding conclusively showed appellant was entitled to no relief. This appeal ensued.

Essentially appellant's grounds for relief in his motion were that his pleas of guilty were not voluntarily entered, and he now contends the court erred in denying relief without granting an eviden-

tiary hearing. Reasons assigned for the involuntary nature of his plea of guilty, and now urged in support of reversal, include misapprehension as to his legal position by reason of lack of an arrest warrant upon one of the charges, an alleged illegal lineup and fear of a capital charge in another state. He also alleged lack of proper food while held in the county jail led to poor health and an unintelligent plea of guilty.

Records in the case before the 1507 court indicated the following: Appellant was afforded a preliminary hearing upon both counts of robbery at which he was represented by three retained attorneys. He was already in police custody under the first count at the time the second count of robbery was charged. After he was bound over for trial to the district court his retained counsel withdrew and he was subsequently represented by able court-appointed counsel. Prior to arraignment appellant was accorded an examination by a sanity commission and found to be able to comprehend his position and make his defense. At the time he pleaded guilty appellant was questioned at length by the court. The following colloquy occurred:

"THE COURT: Why is the defendant here, Mr. Brand?

"MR. BRAND: The defendant wishes to enter a plea, Your Honor.

"THE COURT: I take it he is here for arraignment.

"MR. BRAND: Yes, sir. This is for arraignment.

"THE COURT: Is he here for arraignment in each of the two cases described by the State?

"MR. BRAND: Yes, sir.

"THE COURT: Let's take the cases one at a time. Case Number 5750 appears to have been filed first.

"MR. BRAND: The defendant wishes to enter a plea of guilty to the charge.

"THE COURT: What about reading the Information?

"MR. GREATHOUSE: No, that won't be necessary, I have had ample time to go over it, sir.

"THE COURT: Then the defendant waives reading of the Information?

"MR. GREATHOUSE: Yes, sir, I do.

"THE COURT: Having waived reading of the Information, what is your plea to the charge set out therein?

"MR. GREATHOUSE: Guilty.

"THE COURT: What is the charge?

"MR. GREATHOUSE: It's first degree robbery and—is that all?—yes, first degree robbery, sir.

"THE COURT: Do you know what the penalty is for that crime?

"MR. GREATHOUSE: Yes, sir. Ten years to twenty-one years in the State Penitentiary at Lansing.

"THE COURT: Is your true name Von J. Greathouse?

"MR. GREATHOUSE: Yes, sir, that is correct. The initial is just J, it doesn't stand for a name.

"THE COURT: Have you had ample time to consider the charge in this Information with your attorney Mr. Brand?

"MR. GREATHOUSE: Yes, sir, we discussed it. I have had full ample time to discuss both cases, and I am guilty on both charges and there is no use to, you know, prolong it.

"THE COURT: There is no question about your plea being voluntary?

"MR. GREATHOUSE: No, sir, it is strictly voluntary, and I am entering a voluntary plea of guilty on both counts.

"THE COURT: There have been no promises made to you?

"MR. GREATHOUSE: No, sir.

"THE COURT: No threats?

"MR. GREATHOUSE: No threats, no promises, and I am going to the penitentiary, I am aware of that.

"THE COURT: Do you think that any of your constitutional rights have been violated in connection with your case up to this point?

"MR. GREATHOUSE: No, not in so far as both my cases are concerned and the way I have been treated in the jail and the way I was treated I do not think any of my rights have been hurt or hindered in any way whatsoever.

.   .   .   .   .   .   .   .   .   .   .   .   .

"THE COURT: Now let's go to 5751.

"MR. BRAND: This is for arraignment also, Your Honor. The defendant appears with his attorney John W. Brand, Jr., and the defendant will waive reading of the Information and enter a plea of guilty.

"THE COURT: You have pretty much covered this other case in connection with Case No. 5750, Mr. Greathouse, but it is a separate case and there is one feature about it that I want to be certain you understand in connection with your plea, if it is your plea that you are guilty?

"MR. GREATHOUSE: Yes it is guilty. I mean I am guilty, and I am entering a plea of guilty.

"THE COURT: You are aware of the fact, I am sure, from your consultations with Mr. Brand, where you are convicted by your plea or by verdict of a jury in two felony cases on the second felony case in connection with the sentence the Court has the discretion to make the sentence run consecutive to the sentence in the first case. You are aware of this are you?

"MR. GREATHOUSE: Yes, I am aware of that.

"THE COURT: And being aware of that, your plea to this crime is guilty?

"MR. GREATHOUSE: Yes, it is.

"THE COURT: And in connection with this case you have not been deprived of any of your rights that you are aware of?

"MR. GREATHOUSE: No, sir, I have not.

"THE COURT: And your plea in this case as in the other case is voluntary?

"MR. GREATHOUSE: Yes, sir, it is Completely."

A report of presentence investigation indicated appellant was in good health. This report also stated that while appellant was in custody in the Douglas county jail detainers were filed charging

him with the offenses of kidnapping and first degree robbery in the state of Oklahoma and first degree robbery in Montgomery county, Kansas. At the allocution afforded prior to sentencing appellant offered nothing. The court recommended that appellant be transferred to the state reception and diagnostic center. This was done and a report from that institution indicated he was in good health while confined there.

In denying appellant's motion the trial court made detailed findings of fact and concluded an evidentiary hearing was unnecessary.

The case is similar to *Griffin v. State*, 204 Kan. 340, 461 P. 2d 814, in which it was held denial of an evidentiary hearing was not error. The same ruling must be made here. Appellant was represented by competent counsel throughout. The sentencing court exerted a painstaking effort to ascertain the facts surrounding the pleas of guilty with the result the record affirmatively revealed those pleas were voluntarily made with full awareness of their consequences. Lack of an arrest warrant, standing alone, does not invalidate a subsequent conviction (*Kinnell v. State*, 205 Kan. 445, 469 P. 2d 348). The uncounseled lineup of which appellant complains occurred in May, 1967—prior to the nonretroactive *Wade-Gilbert* rule applicable only to cases involving confrontations for identification conducted after June 12, 1967 (*State v. Chuning*, 201 Kan. 784, 443 P. 2d 248). It appears a later lineup of which appellant complains was unconnected with his identification upon the present offenses. As to the coercive impact of the Oklahoma charge we need say only that a plea of guilty is not rendered invalid merely because entered to avoid the possibility of a death penalty in another case (see *Brady v. United States*, 397 U. S. 742, 25 L. Ed. 2d 747, 90 S. Ct. 1463). Finally, appellant's own statement at the time he pleaded guilty, along with the presentence investigation and the diagnostic center reports as to his health, attested to the absence of mistreatment while in jail. In view of the foregoing, appellant's application was patently groundless and the trial judge, the same judge who had sentenced appellant, properly denied relief without evidentiary hearing.

The judgment is affirmed.

APPROVED BY THE COURT.