No. 44,455

STATE OF KANSAS, *Appellee,* v. GILBERT ESCO ANGLE, *Appellant.*

(419 P. 2d 935)

Opinion filed November 5, 1966.

*David G. Arst,* of Wichita, argued the cause and was on the briefs for the appellant.

*R. K. Hollingsworth,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: The appellant, Gilbert Esco Angle, on April 12, 1965, entered pleas of guilty to first degree robbery (K. S. A. 21-527) and violation of the check law (K. S. A. 21-554). The district court accepted the pleas and pronounced sentences of not less than ten nor more than twenty-one years and not less than one nor more than five years, respectively for each offense and further ordered that the sentences be served concurrently.

The record indicates that two informations were filed in the district court. However, only one notice of appeal was filed and since neither party has given any indication to the contrary this appeal will be treated as though the cases were consolidated.

The only specification of error in this appeal is that the district court accepted the pleas of guilty without first ascertaining if the appellant was cognizant of the consequences of his pleas of guilty. The appellant's contention is not supported by the record.

At each stage of the prosecution, commencing with the preliminary hearing on April 5, 1965, appellant was represented by counsel of his own choice.

When appellant appeared before the district court for arraignment the record reflects the following proceedings:

"THE COURT: Let the record show the defendant is present in court with his attorney, Mr. William Tomlinson. The State is represented at this hearing by Mr. R. K. Hollingsworth, Chief Deputy Attorney for Sedgwick County, Kansas.

"We have two cases here, CR-1790 and CR-1791. Will the defendant waive arraignment in each of the cases?

"MR. TOMLINSON: Yes, Your Honor.

"THE COURT: And waive jury trial.

"MR. TOMLINSON: Waives jury trial and waives formal reading of the Information.

"THE COURT: All right. Mr. Angle, even though you have through your attorney wavied formal reading of the Information filed in each of these cases the court would like to inform you that in case CR-1790 you are charged with the offense of violation of the check laws in violation of Section 21-554 of the General Statutes of Kansas. In the other case, CR-1791, you are charged with the offense of robbery in the first degree in violation of Section 21-527 of the General Statutes of Kansas. You have discussed these charges with your attorney, have you?

"MR. ANGLE: Yes, Your Honor.

"THE COURT: Do you fully understand what you are charged with in both cases?

"MR. ANGLE: Yes, Your Honor.

"THE COURT: Do you have any question at all about the nature of the charges pending against you?

"MR. ANGLE: No, sir.

"THE COURT: All right. Mr. Tomlinson has informed the court that you wish to enter a plea of guilty in each case. You have also discussed your plea with your attorney?

"MR. ANGLE: Yes, Your Honor.

"THE COURT: Is that what you wish to do?

"MR. ANGLE: Yes, sir.

"THE COURT: You fully understand what you are doing by pleading guilty?

"MR. ANGLE: Yes.

"THE COURT: The court will ask you in each of these cases, do you plead guilty because you are guilty?

"MR. ANGLE: Yes, Your Honor.

"THE COURT: Do you have any legal cause why sentence should not be imposed at this time?

"MR. ANGLE: No, sir."

Sentences were then pronounced and appellant's attorney orally moved for probation which was denied. Appellant neither filed a motion for a new trial nor a motion to withdraw his pleas.

After his incarceration in the Kansas State Penitentiary appellant, *pro se,* filed a notice of appeal and a motion for appointment of counsel. Pursuant to Prefatory Rule No. 1 (*f*) (194 Kan. XII.), the district court appointed present counsel to perfect the instant appeal.

We agree with the proposition presented by appellant's counsel that a court should not accept a plea of guilty if there appears reason to believe the defendant does not understand the nature and consequences of his plea. The dialogue set out in the record in this case reflects, however, that appellant, when questioned by the court, answered affirmatively he fully understood the charges and knew what he was doing when he pleaded guilty.

In *State v. Spain*, 193 Kan. 1, 391 P. 2d 1001, and *Johnson v. Crouse*, 191 Kan. 694, 383 P. 2d 978, a contention similar to that raised by appellant was held in each case not to be supported by the record. An examination of the records, as set out in the opinions, in those cases indicates that the record here reflects a more complete understanding on the part of appellant at the time of sentencing than was shown by the record in either the *Spain* or *Johnson* cases.

Appellant cities the case of *State v. Oberst*, 127 Kan. 412, 273 Pac. 490, in which this court directed a plea of guilty to be withdrawn where entered by a seventeen-year-old boy without counsel. The holding is not in point with the issues under examination here.

Several cases from other jurisdictions are cited in appellant's brief. These cases deal with pleas of guilty without counsel or where a defendant was mislead as to penalty or where a plea was entered without reservations. The grounds mentioned in the above cases are not under consideration here and need not be further noted.

In the case at bar appellant had counsel of his own choice at all stages of the proceedings, advised the court that he understood the charges, knew what he was doing by pleading guilty, and had discussed his pleas with his counsel. No reason is shown which would give the district court cause to believe that appellant did not understand the nature and consequences of his pleas. We find no error in the acceptance of appellant's pleas of guilty.

The judgment is affirmed.