No. 44,722

Thomas Gary McQueeney, *Appellant,* v. State of Kansas, *Appellee.*

(426 P. 2d 114)

Opinion filed April 8, 1967.

*William F. Stahl,* of Junction City, argued the cause, and *Richard A. Medley,* of Junction City, was with him on the brief for the appellant.

*Joseph E. Cole,* special assistant county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, *Richard H. Seaton,* assistant attorney general, and *R. Edgar Johnson,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This appeal arises from a denial by the district court of Geary county of a motion filed by Thomas Gary McQueeney (hereafter referred to as petitioner) pursuant to the provisions of K. S. A. 60-1507.

Charged with the offense of first degree robbery, the petitioner, without counsel, waived his preliminary hearing on May 1, 1963, and was bound over to district court for trial. Although petitioner stated he did not desire representation, counsel was subsequently appointed, formal arraignment was waived, and a plea of guilty was entered.

Prior to accepting the plea, the district judge interrogated the petitioner. In response to the judge's questions, petitioner stated he understood the charge, as well as the penalty therefor, and desired that the court accept his plea of guilty. Request was made by petitioner's counsel, and endorsed by the county attorney, that petitioner be sent the Kansas state reception and diagnostic center for examination. On May 21, 1963, the court sentenced petitioner to the state penitentiary for a term of not less than ten nor more than twenty-one years, and referred him to the diagnostic center for examination and placement. The center subsequently filed a report of its findings. Although the record is silent, we are told that petitioner was later transferred to the Larned state hospital and then to the penitentiary, where he is now incarcerated.

On September 28, 1964, petitioner filed, *pro se,* a typewritten motion to vacate the judgment and sentence on the ground that at the time he pleaded guilty he was insane and mentally incompetent to understand the proceedings or assist in his defense. Although the motion was entitled "Petition For Writ of Error Coram Nobis," the trial court treated it as a motion filed under K. S. A. 60-1507. On October 13, after considering the motion and examining the transcript and files of the case, the court denied relief without an evidentiary hearing. No appeal was taken from the order.

By the present 60-1507 motion, prepared on the form prescribed by Rule No. 121 (*e*) (194 Kan. xxvii) and filed on September 20, 1965, petitioner questions the validity of his sentence, asserting that at the time he entered his plea of guilty (1) his counsel failed to raise the question of his mental condition, (2) the court imposed sentence without the aid of a "pre-sentence report," and (3) failed to order a mental examination before accepting the plea. On November 22, the trial court, again without a plenary hearing, made detailed findings of fact and, as before, denied relief. From this order petitioner, with the aid of court-appointed counsel, has perfected his appeal.

Although the district court fully considered the present motion on its merits, the court noted it was the petitioner's second request

for postconviction relief. When a 60-1507 motion is filed on the prescribed form, the presumption is that all grounds upon which a petitioner is relying have been listed in his answer to question No. 10. Under such circumstances, the sentencing court is not required to entertain a second or successive motion, even though it contains additional grounds for relief (*Smith v. State,* 195 Kan. 745, 408 P. 2d 647); however, where, as here, the first motion was filed prior to the adoption of Rule No. 121, the district court is required to consider any additional grounds in the second motion not previously alleged and determined (*Perrin v. State,* 196 Kan. 228, 410 P. 2d 298). After examining the present grounds alleged, we are of the opinion they were not squarely presented in the first motion, and hence, it was proper for the district court to proceed to adjudicate such grounds on their merits.

An accused is not required to enter a plea of guilty or stand trial if he is insane, unable to comprehend his position and make his defense in a rational manner to the charge pending against him. (K. S. A. 1965 Supp., 62-1531; *State v. English,* 198 Kan. 196, 424 P. 2d 601; *Van Dusen v. State,* 197 Kan. 718, 421 P. 2d 197.) A plea of guilty by such person is of no consequence, and fails to fulfill the requirement that a plea be freely, knowingly and understandingly made. (*Webb v. State,* 195 Kan. 728, 408 P. 2d 662.)

As nearly as we can discern, petitioner's assignments of error may be summarized as follows: (1) The court on its own initiative should have ordered a mental examination of the petitioner prior to accepting his plea of guilty; (2) the petitioner's constitutional rights were violated because at the time his plea of guilty was accepted there was no "pre-sentence report" before the district court, nor is there any provision under Kansas law for such a report; and (3) he was denied an evidentiary hearing on his present 1507 motion.

In considering petitioner's first point, we note no complaint is made on appeal of appointed counsel's failure to raise the question of petitioner's mental condition at the time of his plea. Thus, our attention is confined to the contention that the recommendation by defense counsel and the county attorney that petitioner be referred to the diagnostic center raised an inference of insanity, and the court, therefore, even though not requested to do so, should have ordered an examination.

A thorough discussion on the subject of when and under what

circumstances a trial court, *sua sponte,* is required to order an examination of an accused to determine his sanity or mental ability to stand trial, or enter a plea of guilty, may be found in our recent decisions in *State v. English,* supra, *State v. Childs,* 198 Kan. 4, 422 P. 2d 898, and *Van Dusen v. State,* supra. In each of these cases we held the trial court had not abused its discretion in failing to order an inquiry.

In *State v. Childs,* supra, it was emphasized:

"If the trial court entertains a real doubt of the sanity or the mental ability of an accused to comprehend his situation and make his defense, it is the duty of the court to order an inquiry, pursuant to K. S. A. 62-1531, even though not requested. Whether the court on its own initiative should order an inquiry into the sanity of an accused for trial purposes is a matter addressed to its sound judicial discretion, and in the absence of an abuse of that discretion its decision will not be disturbed." (Syl. ¶ 3.)

The accused in *State v. English,* supra, contended, as does the petitioner here, that the trial court, knowing there was doubt about accused's mental competency, erred in allowing him to plead guilty. There, the court was informed of a report which recommended the accused be confined in a mental hospital where he could receive treatment for a mental disturbance that caused him to commit acts of violence against women. We held that the existence of such mental aberrations alone did not preclude the acceptance of a guilty plea; and notwithstanding the trial court's knowledge of such condition, the court did not abuse its discretion in failing to order an examination.

A similar conclusion was reached in *Van Dusen v. State,* supra, where the assertion was that the trial judge erred in not ordering a sanity examination prior to arraignment and plea of guilty to burglary and larceny charges, inasmuch as the court had knowledge of accused's aberrant traits and prior mental treatment for abnormal sex offenses.

An accused is presumed sane for the purpose of standing trial, absent a finding in accord with the provisions of K. S. A. 62-1531. (*Kiser v. State,* 196 Kan. 736, 413 P. 2d 1002.) The record in the instant case is void of any suggestion that petitioner was insane or mentally incompetent at the time of his plea of guilty. In fact, the transcript of proceedings reveals that the trial court, with meticulous care, inquired of the petitioner concerning his understanding of the charge and the penalty therefor. From petitioner's responses it appears he was fully aware of the nature of the pro-

ceedings. The procedure outlined in K. S. A. 62-1531 was available and could have been utilized upon a proper showing and request, or upon the court's own motion; but there was nothing to suggest to the court that such an inquiry was necessary.

Counsel's recommendation that the petitioner be referred to the diagnostic center raised no inference of insanity or mental impairment that would vitiate his plea of guilty. The purpose and function of that institution, as stated in K. S. A. 76-24a03, is:

". . . to provide a thorough and scientific examination and study of all felony offenders of the male sex sentenced by the courts of this state to state penal institutions so that each such offender may be assigned to a state penal institution having the type of security (maximum, medium or minimum) and programs of education, employment or treatment designed to accomplish a maximum of rehabilitation of such offender. . . ."

Manifestly, the referral of an offender to the center is for the purpose of assigning such offender, *after conviction*, to a state institution which can provide the type of security and program of rehabilitation most beneficial to him.

The mental competency of an accused, for the purpose of his being put on trial, is gauged by his condition at the time he is called on to defend against the crime charged—a step in the proceedings with which the reception and diagnostic center is not concerned. As a part of the record in this case, the report of the center concerning the evaluation of the petitioner has been made available for our examination. We note from its contents that McQueeney was found to be well-oriented as to time, place and person; his memory was unimpaired, and intellectually he functioned at the normal range of intelligence for a man of his education. He was found to suffer a "mild thought disorder" and "severe depression," and it was recommended he receive treatment at Larned state hospital while serving his sentence. Clearly, the report repels any doubt, if indeed there was any, that he was sane and triable at the time he entered his plea of guilty.

We need give little space to petitioner's assignment of error concerning no "pre-sentence report" being before the district court at the time his plea was accepted, and the lack of any provision under Kansas law for such a report violated his constitutional rights. He cites no authority in support of his bald assertion. At most, he complains that Kansas does not have a procedure similar to that in the federal courts ( 18 U. S. C. § 4244) for examining an accused after arrest and before trial to determine mental competency. The

argument is untenable, for petitioner completely ignores our statute on the subject (K. S. A. 62-1531), which may be invoked whenever the circumstances warrant.

Petitioner's last assignment of error concerns his being denied a full evidentiary hearing on his motion. The allegations of the motion raised no substantial issue of fact requiring a plenary hearing. The only evidence listed to substantiate his allegations was the records of the diagnostic center and the Larned state hospital. These records related to petitioner's mental condition *subsequent* to the time of his plea and conviction; moreover, as we have pointed out, the report of the diagnostic center directly refutes any claim of mental incompetence. Thus, the principal complaint, as it develops on appeal, is the court's failure to order an examination prior to accepting petitioner's plea of guilty solely because of counsel's recommendation that petitioner be sent to the center. Such a claim, in face of the files and records, is without substance, and the court properly denied relief without an evidentiary hearing. (Rule No. 121 (*f*) and (*h*); *Van Dusen v. State,* supra; *Chappell v. State,* 197 Kan. 407, 416 P. 2d 786.)

The judgment is affirmed.