No. 45,415

STATE OF KANSAS, *Appellee*, v. LEO COX, *Appellant*.

(457 P. 2d 103)

Opinion filed July 17, 1969.

*John E. Stumbo,* of Topeka, argued the cause and was on the brief for the appellant.

*Gene Olander,* County Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment and sentence following a plea of guilty to robbery in the first degree.

The defendant was charged in two counts with robbery in the first degree and carrying a pistol after having been previously convicted of a felony. The second charge which was dismissed will receive

attention later in considering defendant's mental capacity to assist in his defense.

The defendant entered a plea of guilty to the charge of first degree robbery and was sentenced to imprisonment in the state penitentiary for a term of not less than ten years nor more than twenty-one years. The sentence was to run concurrently with any sentence which might be imposed because of the violation of defendant's parole while under sentence for a previous conviction. The parole violation is not material to the present controversy.

The defendant has now appealed from the conviction and sentence on his plea of guilty.

The appellant first contends:

"The Appellant in the instant case was not given a sanity hearing prior to his plea of guilty on December 6, 1967, for the purpose of determining whether or not the Appellant was legally sane and, therefore, capable of assisting in his own defense and standing trial."

There is no indication in the record of any insanity on the part of the appellant. The record discloses no abnormal behavior which would have raised a question as to his mental capacity. In fact, defendant's behavior at the time he entered his plea of guilty would indicate a rather sharp mentality with considerable reasoning ability. These facts will be presented in detail when we consider the next issue.

A district court need not presume insanity on the part of every accused that is brought before him for prosecution. It is only where unusual behavior indicates mental incapacity that the trial court has a responsibility to investigate. Where there is no request and no unusual behavior on the part of the defendant there is no obligation on the part of the trial court to appoint a sanity commission. Whether a district court on its own initiative should order an inquiry to determine the mental condition of the accused is a matter addressed to the trial court's discretion. (*State v. Kelly*, 192 Kan. 641, 391 P. 2d 123; *State v. Daegele*, 193 Kan. 314, 393 P. 2d 978; *State v. Wheeler*, 195 Kan. 184, 403 P. 2d 1015; *McQueeney v. State*, 198 Kan. 642, 426 P. 2d 114.)

Appellant next contends:

"The Appellant was unable to assist in his own defense for the lack of a proper education and for the further reason that prior to his arrest he had been on drugs and when they were no longer available to him after his arrest he became emotionally unstable, incoherent and incapable of assisting in his own defense."

We would waste very little space on appellant's suggestion that he was unable to assist in his own defense because of lack of education. We have not yet reached the point in the modern application of the Fifth Amendment to the Constitution of the United States where an accused must be dismissed from a criminal charge because of lack of a formal education.

Neither do we find anything in the record which would indicate that because of the effect of drugs the defendant was emotionally unstable, incoherent and incapable of assisting in his own defense.

There is nothing in the record to indicate the appellant was a drug addict or was suffering from withdrawal symptoms at the time he entered his plea of guilty.

Appellant was in jail from March 3, 1967, until April 20, 1967, when he was released on bond. During that period there is no indication that he had taken drugs or was having withdrawal problems. He was picked up on October 5, 1967, on a parole violation warrant for another offense, and was held in jail until his plea of guilty on December 6, 1967. The record discloses no complaint during that period of drug withdrawal symptoms.

When the appellant appeared before the district court to enter his plea of guilty he appeared mentally alert and quite capable of comprehending what was taking place. This was disclosed by the colloquy between the trial court and appellant at the time of the plea.

On count two of the information charging felony possession of a pistol, as defined by K. S.A. 21-2611, the appellant, when asked by the court for his plea, stated: "I'm not quite sure about that." The appellant then asserted that the gun was a blank pistol and he questioned whether it could be the basis of a charge of possession of a pistol. The state then moved to dismiss the charge of felony possession of a pistol.

The trial court inquired of appellant if he was pleading guilty to robbery in the first degree because he was guilty or because he had been offered or promised something. The appellant replied: "I'm pleading guilty because I am guilty."

Subsequently, the trial court inquired of appellant if he knew of any legal reason why sentence should not be imposed and the appellant replied in the negative.

Appellant's alertness and comprehensiveness is again noted in his

conduct when the sentence was being considered which is disclosed by the record as follows:

"THE COURT: Let the record show this sentence will run concurrently with any sentence that remains to be run on his parole violation. Also, he is to be given credit for the statutory time of 90 days that he has done in the county jail awaiting disposition of this matter.

"MR. STUMBO: I also think, Mr. Olander, that we would like to have the old charge preferred in the serving of the time.

"MR. OLANDER: What do you mean?

"MR. Cox [the appellant]: You see, Judge, if I go up on the new charge, I'll have to do six years and something, but if I go up on the other charge, if I do time on the old charge rather than the new charge, I can be up for parole in '70 or '71.

"THE COURT: I am running them concurrently—

. . . . . . . . . . . . . .

"MR. Cox: What I meant was, if it was possible to recommend that I do the time on the old charge.

. . . . . . . . . . . . . .

"THE COURT: That was in another Court. I think what you want to do is talk to the Parole Board in connection with that matter. . . ."

There is no merit in appellant's contention that his mental condition was such that he was unable to assist in his defense.

The appellant last complains that "at the time of his arrest he was not advised of his right to remain silent or his right to counsel or that anything he said might be used against him."

This issue would appear to be a straw at which the appellant grasped after he tired of serving time under his plea of guilty. The record is absent anything which would present a legitimate issue.

We are not informed when appellant was arrested or when counsel first saw him. Although we are not informed when the preliminary hearing was held, we are informed that plaintiff had counsel at his preliminary hearing, at his arraignment and when he entered his plea of guilty.

There is no suggestion that appellant was asked any questions or that his rights were in anyway prejudiced by what took place between the time of his arrest and his plea of guilty. Certainly there was nothing presented to the trial court which occurred after the arrest and before appellant had an opportunity to consult with his attorney which would prejudice his constitutional rights in any way.

Before a defendant can complain that he was not timely warned of his right to remain silent, that anything he said might be used

against him or of his right to counsel, there must be a showing that he was questioned, made incriminating statements, or suffered some disadvantage or impairment of his rights. No such claim is made.

The appellant entered his plea of guilty "because he was guilty." The veracity of the plea is not challenged. This eliminates any claim of coercion or intimidation. Procedure, prior to the plea, which might go to the question of appellant's guilt or innocence is no longer material. (*State v. Kilpatrick*, 201 Kan. 6, 15, 439 P. 2d 99.)

The judgment is affirmed.

APPROVED BY THE COURT.