No. 45,493

THE STATE OF KANSAS, *Appellee*, v. EULYSESS M. REID, *Appellant*.

(463 P. 2d 1020)

Opinion filed January 24, 1970.

*John Matson* of Wichita, argued the cause and was on the brief for the appellant.

*James Hernandez*, Deputy County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, *Keith Sanborn*, County Attorney, and *David P. Calvert*, Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant was charged with second degree burglary and larceny. On January 25, 1968, he appeared before the district court of Sedgwick County, Kansas, with retained counsel, and entered a plea of guilty to both charges. He was thereupon sentenced to the Kansas State Industrial Reformatory for terms of five to ten years for burglary and one to five years on larceny, the sentences to run concurrently. This appeal followed.

On appeal the defendant contends the trial court erred in the following particulars: (1) Failing to ascertain adequately whether his plea was entered voluntarily and with understanding of its consequences; (2) failing to ascertain whether there was a factual basis for his plea of guilty; (3) accepting the plea and imposing sentence thereon when the crime was the subject of a controlling federal statute.

We shall consider the first two contentions together pausing first to observe, parenthetically, that Reid does not argue that his guilty plea was entered involuntarily or induced by improper means.

The record reflects that the following proceedings were had at the time of arraignment, plea and sentence:

"THE COURT: Case No. CR 4765, The State of Kansas vs. Eulysess M. Reid, R-e-i-d.

"THE DEFENDANT: (Standing before the Court.)

"THE COURT: Is that your correct name?

"THE DEFENDANT: Yes.

"THE COURT: And Mr. Watson is your attorney?

"THE DEFENDANT: Yes.

"THE COURT: You waive arraignment?

"MR. WATSON: We waive arraignment and waive a jury trial, Your Honor.

"THE COURT: How does your client desire to plead?

"MR. WATSON: My client desires to plead guilty at this time, Your Honor.

"THE COURT: Mr. Reid, you are charged with, on the 28th day of December of last year, entering in the nighttime a boxcar of the Santa Fe Railway located up at approximately 3333 North Mead here in the City of Wichita and stealing sugar from the car.

"How do you plead, guilty or not guilty?

"THE DEFENDANT: Guilty.

"THE COURT: Pleading guilty because you are guilty?

"THE DEFENDANT: Yes.

"THE COURT: In other words, you did actually break into the car and in the night time take the sugar?

"THE DEFENDANT: Yes.

"THE COURT: How old are you?

"THE DEFENDANT: Twenty-two.

"THE COURT: Twenty-two?

"THE DEFENDANT: Yes.

"THE COURT: Do you know of any legal reason why the Court should not pronounce sentence at this time?

"MR. WATSON: There is none, Your Honor.

"THE COURT: It is the sentence of this Court that you be taken from this courtroom to the Sedgwick County jail, there to be held by the Sheriff until such time as he can transport you to the Kansas Industrial Reformatory at Hutchinson, there to serve not less than five (5) nor more than ten (10) years on the burglary and not less than one (1) nor more than five (5) years on the larceny, the two sentences to run concurrently.

"MR. WATSON: If it please the Court, could we cause the sentence imposed to run with the possible parole revocation and —

"THE COURT: From where?

"MR. WATSON: —and perhaps the Court should sentence him to Lansing.

"He doesn't want to go to Lansing.

"THE COURT: I will sentence him to Hutchinson and let it run concurrently with any parole revocation he may have.

"Is this an institutional parole?

"MR. WATSON: Institutional parole.

"THE COURT: From Hutchinson.

"THE DEFENDANT: Sir, what happened, I was sixteen when I got this charge, and I went to Hutchinson, and consequently I got—there was a mixup, too—I was sentenced to Lansing. Then they sent me to Hutchinson. And I got to Hutchinson and then they sent me to Lansing. I used to be the youngest inmate at Lansing. I don't want to go through that again. I would like to go to Hutchinson if possible.

"The Court: I am going to send you to Hutchinson. If the Board of Administration decides to transfer you to Lansing, I can't help that.

"Mr Watson: For the record, I would like it to be put on the record you were aware of the fact that I was not going to make an application for parole on this sentence and plea, is that correct?

"The Defendant: Yes."

Although the dialogue between the court on one hand, and the accused and his counsel on the other, was not as extended as some we have examined, and may be more cursory than we might commend, still we cannot say the brevity of the proceedings is so extreme as to impugn the validity of the defendant's plea of guilt. There are a number of reasons which compel this conclusion.

It is obvious that Mr. Reid was thoroughly advised as to the offenses with which he was charged and, when queried in detail about them, admitted the crimes. The court had every reason to believe that the defendant's personal plea of guilty was entered because he was, in fact, guilty. In other words there was a factual basis for the court's acceptance of the defendant's plea of guilty. In this respect the circumstances are quite similar to those found in *Sharp v. State,* 203 Kan. 937, 457 P. 2d 14; *Mathues v. State,* 204 Kan. 204, 460 P. 2d 545: and *Griffin v. State,* 204 Kan. 340, 461 P. 2d 550.

While it is true the record reveals no advice by the court as to the effect and meaning of a guilty plea, or as to the defendant's right to trial by jury, the defendant was accompanied throughout the arraignment and sentencing procedures by his retained counsel. It is fair to presume that counsel, whose competency is not questioned, had adequately informed the defendant as to his legal rights and of the effect and consequences of a guilty plea. (*Toland v. State,* 200 Kan. 184, 186, 434 P. 2d 814.)

It is significant, in this connection, that defense counsel expressly waived a jury trial on behalf of and without objection by his client. Moreover, at the time of allocution, when the court inquired if there was any legal reason why sentence should not be pronounced, defendant's counsel replied, with no remonstrance from his client, "There is none, Your Honor." In *Walsh v. State,* 195 Kan. 527, 407 P. 2d 516, this court spoke in words we deem appropriate here:

"The allocution affords an accused the chance to present before sentence, either in person or through his counsel, whatever grounds he claims may exist for impugning the integrity of the proceedings. No inference can be drawn from the record in this case that either the accused or his counsel, whose competency is not here in question, ever proposed any reason whatsoever why sen-

tence should not be pronounced in accordance with the plaintiff's plea of guilty." (p. 529.)

The defendant was not exactly a novice in the area of criminal procedure when he appeared in court for arraignment. On at least one prior occasion he had pleaded guilty to identical charges and had been sentenced to the reformatory. Thus he must have been fully aware, from bitter personal experience, of the meaning of his guilty plea and of the consequences which would flow therefrom.

We do not suggest that the procedure followed in this case be adopted as a model for future use. Nonetheless we consider it sufficient, under the circumstances shown here, to guard against substantial prejudice to the defendant's legal rights.

The final point raised by the defendant, i. e., that error was committed in accepting his plea because of a controlling federal statute, is strictly without merit. We assume the statute to which the defendant refers is 18 U. S. C. § 659 which makes it a federal offense to steal from any railroad car any goods or chattels which are part of or which constitute an interstate shipment of freight, express or other property. This statute, however, contains the following specific provision:

"A judgment of conviction or acquittal on the merits under the laws of any State shall be a bar to any prosecution under this section for the same act or acts. Nothing contained in this section shall be construed as indicating an intent on the part of Congress to occupy the field in which provisions of this section operate to the exclusion of State laws on the same subject matter, nor shall any provision of this section be construed as invalidating any provision of State law unless such provision is inconsistent with any of the purposes of this section or any provision thereof."

We find no errors to the prejudice of the defendant's substantial rights and the judgment of the trial court is affirmed.