No. 45,465

STATE OF KANSAS, *Appellee*, v. JERRY TARVIN, *Appellant*

(464 P. 2d 16)

Opinion filed January 24, 1970.

*Clyde M. Burns*, of Lyndon, argued the cause and was on the brief for appellant.

*Adrian M. Farver*, county attorney, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: The sole question presented is whether the appellant was in lawful custody on June 26, 1967, at the time he actually departed from the Pomona Reservoir Honor Camp, located within Osage County, and thereby unlawfully gained his liberty contrary to the provisions of K. S. A. 21-734.

On April 14, 1966, the appellant entered his plea of guilty in the district court of Marshall County, to the crime of attempt to commit burglary in the second degree in violation of K. S. A. 21-520, and was sentenced to the Kansas State Penitentiary for a term less than life.

Later, and on December 12, 1966, while the appellant was serving the sentence imposed on April 14, 1966, he was transferred by order of the Director of Penal Institutions pursuant to K. S. A. 76-2442 and K. S. A. 76-2442a from the penitentiary to No. 51 Detail-Mobile Unit Honor Camp at Pomona Reservoir to perform labor on state property. The appellant remained at the Honor Camp until June 26, 1967, when he escaped therefrom without breaking the prison of the penitentiary.

In *State v. Carreiro,* 203 Kan. 875, 457 P. 2d 123, it was decided that a prisoner committed to the State Penitentiary under a sentence confining him at hard labor for a term less than life, and who is transferred by order of the Director of Penal Institutions pursuant to K. S. A. 76-2442a to the Pomona Reservoir Honor Camp to perform labor on state property, the prisoner is in lawful custody pursuant to the sentence and order of commitment entered by the district court, and where he thereafter gains his liberty by voluntarily departing therefrom, he is guilty of the crime of escape as defined in K. S. A. 21-734.

We adhere to the decision of *State v. Carreiro,* supra, and the judgment of the district court is affirmed.