No. 45,467

STATE OF KANSAS, *Appellee*, v. BUSTER JOE BALL, *Appellant*.

(464 P. 2d 175)

Opinion filed January 24, 1970.

*Marian M. Burns,* of Lyndon, argued the cause and was on the brief for the appellant.

*Adrian M. Farver, County Attorney,* argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a direct appeal by the defendant in a criminal action in which the defendant was convicted upon his own plea of guilty and sentenced pursuant to K. S. A. 21-734.

The underlying issue presented is whether the appellant was in lawful custody on September 12, 1967, at the time he actually departed from the Pomona Honor Camp, and thereby unlawfully gained his liberty contrary to the provisions of 21-734, *supra.*

On the 28th day of October, 1966, the appellant was sentenced to the Kansas State Penitentiary at Lansing, Kansas, for a term less than life, by the district court of Johnson County, Kansas, upon his plea of guilty to the crime of assault with intent to commit grand larceny, as defined by K. S. A. 21-434.

On the 8th day of August, 1967, while the appellant was serving the foregoing sentence imposed, he was transferred by the Director

of Penal Institutions for the State of Kansas from the Kansas State Penitentiary to the State Industrial Reformatory at Hutchinson, Kansas, as a trusty to the Honor Camp at Pomona Reservoir located within Osage County, Kansas. The appellant remained at the Pomona Honor Camp until his escape therefrom on the 12th day of September, 1967. His departure was voluntary.

Several days thereafter upon being apprehended, the appellant was returned to the Kansas State Penitentiary, Lansing, Kansas. Thereafter he was taken to Osage County, Kansas, where in accordance with K. S. A. 62-401 he was charged, entered a plea of guilty, and sentenced for the crime of escape without breaking prison as defined by K. S. A. 21-734.

The appellant specifies that the trial court erred in overruling his motion to quash the information because it did not have venue or jurisdiction of the offense committed on the facts alleged in the amended information, and the facts stated in the amended information did not constitute a public offense. This specification raises the question heretofore stated.

After the appeal in the instant case was perfected, this court decided the questions here presented in *State v. Carreiro*, 203 Kan. 875, 457 P. 2d 123. Except for the dates, the facts stated by the court in that case and the information charging the appellant are identical. The court there held:

"A prisoner committed to the State Penitentiary under a sentence confining him at hard labor for a term less than life, may be transferred by the Director of Penal Institutions pursuant to K. S. A. 76-2311 to the Industrial Reformatory, and be assigned by the Director to perform labor on state property in any county of the state pursuant to K. S. A. 76-2442a. While in another county to which the prisoner is assigned for labor under supervision, the prisoner is in lawful custody pursuant to the sentence and order of commitment entered by the court.

"Where a prisoner is assigned to an Honor Camp to perform labor in Osage County on state property in accordance with Syllabus ¶ 1, his subsequent escape from the Honor Camp constitutes the crime of escape as defined by K. S. A. 21-734.

"To constitute an escape on the part of a prisoner there must be lawful custody and an actual departure from the place of confinement whereby he unlawfully gains his liberty.

"Under K. S. A. 62-401 it is mandatory that a criminal offense be prosecuted in the county in which it is committed. Thus, it has been held a court must have venue of an offense or it does not have jurisdiction." (Syl. ¶¶ 1 through 4.)

What was said and held by this court in *State v. Carreiro,* supra, controls the decision herein.

The judgment of the lower court is affirmed.