No. 45,643

STATE OF KANSAS, *Appellee,* v. FLOYD HAMILTON, *Appellant.*

(468 P. 2d 224)

Opinion filed April 11, 1970.

*G. Edmond Hayes,* of Wichita, argued the cause and was on the brief for the appellant.

*James Z. Hernandez,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Keith Sanborn,* County Attorney were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: The defendant appeals from a judgment and sentence following a plea of guilty to grand larceny of an automobile (K. S. A. 21-524) and robbery in the second degree (K. S. A. 21-528). Respectively, sentences of not less than five nor more than fifteen years and not less than five nor more than ten years were imposed. The sentences were ordered to run concurrently.

The only assignment of error is that the trial court accepted the plea without inquiry as to whether it was entered by defendant voluntarily, understandingly, and with knowledge of the consequences thereof.

Defendant was originally charged with first degree robbery and grand larceny of an automobile. He retained present counsel who has represented him at all stages of these proceedings.

A preliminary hearing was had, evidence presented, and defendant was bound over for trial in the district court.

It appears that when defendant appeared for arraignment in the district court his funds had been exhausted and, at defendant's request, Mr. G. Edmond Hayes was appointed to represent him.

On August 19, 1968, defendant with his counsel appeared for trial. A jury was selected and the state began the presentation of its case. After the state's first two witnesses had testified, the trial was adjourned for the night. The following morning defendant's attorney approached the state's attorney and proposed that defendant

would enter a plea of guilty to second degree robbery and grand larceny of an automobile if the state would amend the information accordingly and agree not to oppose concurrent sentences.

The trial court then allowed the state to amend the information and defendant's attorney announced that defendant would enter a plea as follows:

"MR. HAYES: To that charge, your Honor, the defendant will enter a plea.

"THE COURT: How do you plead to that, sir?

"THE DEFENDANT: Guilty.

"THE COURT: To both the Counts?

"THE DEFENDANT: Yes, sir.

"THE COURT: And as they are amended then, second degree robbery and grand larceny of a car. Are you pleading guilty because you are guilty or for some other reason?

"THE DEFENDANT: Because I'm guilty.

"THE COURT: Do you know of any legal reason why I should not sentence you at this time?

"THE DEFENDANT: No, sir.

"THE COURT: What's the State recommend on sentence?

"MR. HERNANDEZ: Well, your Honor, by statute I believe robbery in the second degree is —

"THE COURT: Not less than five nor more than ten.

"MR. HERNANDEZ: That is correct, your Honor, and on grand larceny of a car it's not less than five nor more than fifteen.

"THE COURT: How do you recommend they run?

"MR. HERNANDEZ: Well, the State's recommendation will be that they be concurrent, your Honor.

"THE COURT: All right. On the plea then the Court accepts the plea and will sentence the defendant. Where will he go, Lansing or the Reformatory?

"MR. HERNANDEZ: He will have to go to Lansing, your Honor.

"THE COURT: He has a prior conviction?

"MR. HAYES: We would request, your Honor, subject to the Court's consideration, that the defendant be sent to the Diagnostic Center.

"THE COURT: I'll grant that.

"MR. HERNANDEZ: If the court please, here about two or three months ago, your Honor, we had some difficulty in sentencing prisoners directly to the Diagnostic Center.

"THE COURT: I can't send him direct. He's got to go to the institution, but I'll order that he be taken over there for evaluation. All right."

The court accepted the plea and sentences were imposed.

Defendant did not file a motion for a new trial or to withdraw his plea. Thereafter, at the request of defendant, his counsel filed a notice of appeal and this appeal was perfected.

Defendant is—and has been throughout these proceedings—represented by experienced counsel whose competency is not ques-

tioned, and it appears since a reduction of the charges was obtained and concurrent sentences secured, his services for the benefit of defendant have been effective in this case.

Although the dialogue between the court on one hand, and the accused and counsel on the other, was not as extensive or exhaustive as some we have examined, we cannot say the brevity of the proceedings, in which defendant's plea was accepted, was such as to taint the validity of defendant's plea. Defendant had taken part in a preliminary hearing in which evidence was presented. He was present with counsel on arraignment and had been through a day of trial.

It is quite obvious that defendant was aware of the charges against him, the reduction thereof, the result of his sentences, and the effect of concurrent sentences. It is fair to presume from the course of these events, as reflected by the record, that defendant had been adequately informed as to all of his legal rights and of the effect and consequences of a guilty plea. (*State v. Reid*, 204 Kan. 418, 463 P. 2d 1020; *Toland v. State*, 200 Kan. 184, 434 P. 2d 550.)

Defendant cites *State v. Angle*, 197 Kan. 492, 419 P. 2d 935, where we said:

". . . that a court should not accept a plea of guilty if there appears reason to believe the defendant does not understand the nature and consequences of his plea. . . ." (p. 494.)

In *Angle* we held that no reason was shown which would give the district court cause to believe that appellant did not understand the nature and consequences of his pleas. The same applies to the case at hand. There is nothing in this record which would have given the district court any cause to question defendant's understanding of the consequences of his plea.

The judgment is affirmed.