Nos. 45,845 and 45,846
(Consolidated)
STATE OF KANSAS, *Appellee*, v. VIRGIL R. SMITH, *Appellant*.
(479 P. 2d 840)

Opinion filed January 23, 1971.

*George D. McCarthy*, of Wichita, argued the cause and was on the briefs for the appellant.

*James W. Wilson*, Deputy County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, and *Keith Sanborn*, County Attorney, and *David P. Calvert*, Deputy County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: These two direct criminal appeals were consolidated for consideration by this court after a "Motion To Consolidate" was filed stating that the same question is presented in each case.

In case No. 45,845 defendant was charged with two counts of robbery in the first degree and with one count of attempted robbery in the first degree.

In case No. 45,846 defendant was charged with the offense of embezzlement by a bailee.

On May 19, 1969, defendant appeared before the trial court in person, and with his respective counsel in each case, and entered pleas of guilty to each of the charges. After allocution, the pleas were accepted by the trial court and sentences were pronounced. On recommendation of the respective deputy county attorneys, all of the sentences imposed were directed to run concurrently with each other.

Following the imposition of sentences in each case, defendant's counsel requested the trial court to enter an order directing the sheriff to transport defendant to the Kansas State Reception and

Diagnostic Center for examination and evaluation and that a report thereof be made to the court within one hundred days.

On September 15, 1969, the defendant, *pro se,* filed a motion in each case for leave to appeal *in forma pauperis.*

Defendant's motions were granted; counsel was appointed, and these appeals were perfected.

Defendant now contends the trial court erred in accepting his pleas of guilty without further inquiry as to his mental competency, although he filed no motion to withdraw his plea in either case.

Defendant does not challenge the voluntariness of his pleas— his sole argument in each appeal is that, since two different attorneys requested that defendant be sent to the diagnostic center, the trial court should not have accepted his pleas. The issue presented is fully resolved by our decision in *McQueeney v. State,* 198 Kan. 642, 426 P. 2d 114, wherein a like assertion was considered and held to be without merit. (See, also, *State v. English,* 198 Kan. 196, 424 P. 2d 601; *State v. Childs'* 198 Kan. 4, 422 P. 2d 898; and *Van Dusen v. State,* 197 Kan. 718, 421 P. 2d 197.)

The judgments appealed from are affirmed.