No. 46,056

STATE OF KANSAS, *Appellee*, v. PAUL WILLIAMS, *Appellant*.

(493 P. 2d 258)

Opinion filed January 22, 1972.

*Tom Boone,* of Leavenworth, argued the cause, and was on the brief for the appellant.

*Patrick J. Reardon,* county attorney, argued the cause, and *Vern Miller,* attorney general, and *John A. Price,* special prosecutor, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from a plea of guilty to the offense of escape without breaking in violation of K. S. A. 21-734. The appellant, Paul Williams, had previously been sentenced to the Kansas State Penitentiary at Lansing, Kansas, for the offense of murder for a term of fifteen (15) years by the Shawnee County District Court. On February 5, 1970, a complaint was filed charging appellant with the crime of escape without breaking. On February 9, 1970, appellant appeared in court and counsel was

appointed to represent him. On February 20, 1970, appellant was bound over to stand trial in district court for the charge of escape without breaking. Several preliminary motions were filed on behalf of the defendant which are not material here. On March 6, 1970, appellant was arraigned and entered his plea of guilty to the charge of escape without breaking as charged in the information.

Prior to the acceptance of the plea of guilty by the district court a colloquy was held between the court and appellant in which the appellant stated that he wished to waive the reading of the information and that he had a full understanding of the charge. In the colloquy the court explained to the appellant the statutory penalty for the offense which was a term not to exceed three (3) years to commence at the expiration of the sentence which appellant was then serving. Appellant stated that he was entering his plea of guilty freely and voluntarily and that he was doing so because he felt he was guilty. He further stated that he understood that he had a right to trial by jury and that he desired to waive that right. He further stated that he was satisfied with the services of his attorney. The court questioned appellant as to the factual situation upon which the plea of guilty was based. Appellant stated that he had left the outside dormitory at the penitentiary, that he was gone approximately twenty-two (22) hours and that he was picked up by a highway patrolman. The court accepted appellant's plea of guilty and thereupon entered judgment finding that the appellant was guilty of escape without breaking as charged in the information. The court then imposed the statutory sentence of confinement at hard labor at the Kansas State Penitentiary for a term not to exceed three (3) years to commence at the expiration of appellant's term previously imposed for murder which he was serving at the time of the escape.

The appellant raises three (3) points on this appeal:

(1) The information did not state an offense under the Criminal Code of the State of Kansas. In his brief appellant contends that he could not be guilty of the offense of escape without breaking since he was not confined behind bars at the time of the escape.

(2) It was improper for the court to accept the appellant's plea of guilty as he was coerced by the State into entering such a plea because the county attorney stated to appellant's attorney that if the appellant was tried and convicted the county attorney would request the imposition of the Habitual Criminal Act, K. S. A. 21-107a.

(3) It was error for the court to sentence the appellant to confinement and hard labor at the Kansas State Penitentiary for the term prescribed by statute for the reason that he had already been punished administratively by the State of Kansas by the taking away of his credit for good time accumulated by the appellant during the period he had been serving on the murder charge prior to his escape.

Appellant's first contention is that he had to be confined behind bars at the time of the escape in order to be guilty of the offense of escape without breaking. We find it without merit. In *State v. Gordon,* 203 Kan. 69, 453 P. 2d 80, it was held that an escape from the barracks outside the Kansas Reception and Diagnostic Center constituted an escape without breaking within the meaning of K. S. A. 21-734. Likewise an escape from an honor camp has been held to come within the provisions of the statute. (*State v. Ball,* 204 Kan. 415, 464 P. 2d 175; *State v. Tarvin,* 204 Kan. 413, 464 P. 2d 16. See also *State v. Carreiro,* 203 Kan. 875, 457 P. 2d 123.)

In his second point appellant contends he was coerced to enter a plea of guilty to the charge because the county attorney threatened imposition of the Habitual Criminal Act, K. S. A. 21-107a. It has been established in this state that notice of intention to request imposition of the Habitual Criminal Act by the county attorney prior to arraignment in and of itself is not coercion of such a nature as to render the plea involuntary. (*State v. Byrd,* 203 Kan. 45, 453 P. 2d 22, and cases cited therein.) The record in this case contains no evidence disclosing unusual circumstances to show that the plea was involuntary. On the contrary the record clearly establishes the voluntary nature of the plea from the colloquy between the court and appellant at the time the plea of guilty was entered. It follows that this contention must be rejected.

Appellant's third point on this appeal is that administrative sanctions by way of loss of an inmate's good time, followed by a charge and conviction of escape with the imposition of the statutory penalty constitutes double jeopardy in violation of the Fifth Amendment to the United States Constitution and Section Ten of the Bill of Rights of the Constitution of Kansas. The law does not support this contention. (*State v. Kelly,* 192 Kan. 641, 645, 391 P. 2d 123; *Mullican v. United States,* 252 F. 2d 398 [5th Cir. 1958], 70 A. L. R. 2d 1217; *Patterson v. United States,* 183 F. 2d 327, 328 [4th Cir. 1950], cert. den. 340 U. S. 893, 71 S. Ct. 200, 95 L. Ed. 647.) These

cases hold that criminal prosecution for the crime of escape is not prohibited under the double jeopardy clause of the Fifth Amendment to the United States Constitution merely because the escapee was, upon his recapture subjected to discipline by prison authority for the prison discipline violation involved. Under this point appellant argues in his brief that under the facts of this case his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. This court has no hesitancy in holding that the sentence imposed for escape for a term of three (3) years to commence at the expiration of appellant's sentence on the murder charge is not cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. See *State v. Ricks,* 173 Kan. 660, 250 P. 2d 773, where the Habitual Criminal Act, G. S. 1949, 21-107a, was held applicable to the crime of escape and where the statutory penalty was doubled by the court. In the instant case only the statutory penalty was imposed. Because of the nature of the offense it is not cruel or unusual punishment for a consecutive sentence to be imposed where a prisoner has been adjudged guilty of the offense of escape from a penal institution to which previously he had been sentenced.

For the reasons set forth above it follows that the judgment of the district court must be and it is hereby affirmed.

It is so ordered.