No. 46,300

Royce Allen Johnson, *Appellant*, v. State of Kansas, *Appellee.*

(494 P. 2d 1078)

Opinion filed March 4, 1972.

*Arthur A. Glassman* of Sloan, Listrom, Eisenbarth, Sloan and Glassman, of Topeka, argued the cause and was on the brief for the appellant.

*Gene M. Olander,* County Attorney, argued the cause, and *Vern Miller,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: This is an appeal from an order of the district court summarily denying relief on petitioner's motion under K. S. A. 60-1507.

On November 13, 1967, petitioner entered pleas of guilty to two counts of sodomy. (K. S. A. 21-907 [now 1971 Supp. 21-3505, 21-3506.]) The record shows that before accepting the pleas of guilty, the trial court made careful inquiry concerning petitioner's comprehension of his position and his understanding of the charges. The court further questioned petitioner concerning any plea negotiations that might have taken place in this regard and informed petitioner that any understanding had between his counsel and the prosecutor was in no way binding on the court. On motion of the State, Count I of the information was dismissed prior to petitioner entering his pleas of guilty to Counts II and III. In view of the statements made by petitioner, the court accepted the pleas of

guilty and directed that imposition of sentence be postponed pending a presentencing report.

A presentencing report, which included the report of an examination by the Shawnee County Probation Department psychiatric clinic, was received by the trial court and petitioner with his counsel appeared before the court on December 8, 1967. After receiving evidence of prior convictions petitioner was sentenced to concurrent terms of fifteen years, pursuant to K. S. A. 21-907 and K. S. A. 21-107a [now 1971 Supp. 21-4504].

In March of 1970 petitioner filed the motion which initiated these proceedings.

On April 14, 1970, the trial judge examined the motion and the records of the case and filed a memorandum decision in which each point raised by petitioner was carefully considered and found to be without merit. Thereafter counsel was appointed and this appeal perfected.

Petitioner specifies three points of error on appeal. He first contends the trial court erred in failing upon its own initiative to appoint a sanity commission to determine whether petitioner was mentally capable of understanding the nature of his pleas of guilty.

It has long been the rule in this jurisdiction that the necessity for an inquiry whether an accused has the mental capacity to properly defend himself is a question to be resolved within the discretion of the trial court and its decision will not be disturbed absent a showing of abuse of judicial discretion. In *Van Dusen v. State,* 197 Kan. 718, 421 P. 2d 197, we held:

"It is the trial court in whose mind a real doubt of sanity or mental capacity to properly defend must be created before that court is required to order an inquiry solely on its own initiative. The necessity for an inquiry under such circumstances addresses itself to the discretion of the court and its decision will not be disturbed in the absence of abuse of sound judicial discretion." (Syl. ¶ 6.)

See, also, *State v. Smith,* 206 Kan. 403, 479 P. 2d 840; *McQueeney v. State,* 198 Kan. 642, 426 P. 2d 114; and *State v. Childs,* 198 Kan. 4, 422 P. 2d 898.

In the instant case the responses of petitioner, when interrogated by the court, were clear and responsive. Nothing was said by petitioner that would give the trial court any reason to question his mental capacity. In its memorandum decision on petitioner's motion the trial court points out that at the time of the sentencing it had at hand the report of the psychiatric clinic of the Shawnee County

Probation Department, and that the report stated "Mr. Johnson shows normal intelligence and no indication of gross thinking disorder." The trial court further noted that the report referred to "show beyond a question that defendant was lucid and understood fully his past history and the circumstances of the acts of sodomy." Petitioner has failed to show any abuse of discretion in this regard.

Petitioner's second contention that the trial court erred in not determining on its own initiative that the petitioner's pleas of guilty were not voluntarily and understandingly made was not argued on appeal. Nevertheless, we have examined the record in this regard and find petitioner's assertion to be wholly without merit.

Finally, petitioner claims that court and counsel failed to fully inform him of the nature and consequences of the charges against him. In this regard the trial court's interrogation of petitioner, before accepting his pleas of guilty, conclusively discloses that petitioner made a voluntary and intelligent choice between the alternative courses of action open to him. The record discloses that petitioner was represented by counsel at all times leading up to his pleas of guilty. There is nothing in the record to sustain petitioner's claim of inadequate representation or that he was not fully informed concerning his position and the consequences of his pleas. (See *Jones v. State,* 207 Kan. 622, 485 P. 2d 1349; *Cox v. State,* 205 Kan. 867, 473 P. 2d 106; and *State v. Angle,* 197 Kan. 492, 419 P. 2d 935.)

An examination of the entire record discloses no reason to disturb the judgment below and it is affirmed.

PRAGER, J., not participating.