No. 47,113

STATE OF KANSAS, *Appellee, v.* CLINTON KOMAREK, *Appellant.*

(516 P. 2d 912)

Opinion filed December 8, 1973.

*Barry K. Gunderson,* of Dodge City, was on the brief for the appellant.

*John E. Fierro,* county attorney, and *Vern Miller,* attorney general were on the brief for the appellee.

*Per Curiam:* This appeal is from the denial of a motion to vacate sentence under K. S. A. 60-1507 without appointment of counsel or the holding of an evidentiary hearing.

On October 6, 1967, appellant entered a plea of guilty to a reduced charge of murder in the second degree and is now serving a sentence at the state penitentiary for a term of 33 years. Appellant's 1507 motion was based upon claims that he did not personally, knowingly and voluntarily waive his right to trial by jury, that his plea of guilty was not knowingly and understandingly made, and that he was denied the effective assistance of counsel due to the impaired physical condition of his appointed counsel. Appellant reasserts these three contentions on appeal and further claims that the lower court erred in failing to appoint counsel and hold an evidentiary hearing on his motion. The trial court made lengthy findings of fact and conclusion of law in denying appellant's motion.

The transcript of the entry of the guilty plea in this case is strikingly similar to that considered in *State v. Reid,* 204 Kan. 418, 463 P. 2d 1020. What we said in that case is applicable here. Here, as in *Reid,* the record does not reflect that the trial court informed appellant of the possible sentence upon conviction of second degree murder. However, appellant did state that he understood the meaning of the suggested plea and did not dispute his counsel's statement that they had discussed his situation in the case at great length before deciding to plead guilty to the reduced charge. Although his 1507 motion listed numerous grounds for relief, he did not contend he was not informed of the consequences of his plea. He was specifically asked if he understood that he had the right to

a trial by jury, and he replied in the affirmative. The record shows that appellant knowingly and voluntarily waived his right to a jury trial and entered his plea of guilty to the reduced charge.

Appellant was represented at all stages of the proceedings, both in county court and district court, by the late Fred Hall. Appellant asks this court to take judicial notice of the fact Mr. Hall suffered a stroke one year prior to the entry of appellant's guilty plea. The sole fact Mr. Hall may have suffered a stroke in 1966 affords no basis for impugning the quality of Mr. Hall's representation of appellant a year later. Although he was fully aware of the quality of Mr. Hall's representation at the preliminary hearing, appellant stated he had no objection to the reappointment of Mr. Hall as counsel in the district court. Mr. Hall succeeded in having a commission appointed to determine if appellant was competent to stand trial. Although appellant had previously given a confession, Mr. Hall succeeded through plea negotiations in having the charge reduced from first to second degree murder.

Success in obtaining a reduction of charges is some evidence that the services of counsel were effective. *State v. Hamilton*, 205 Kan. 228, 468 P. 2d 224. The trial judge in this proceeding also presided at the entry of the guilty plea. He was aware of the quality of representation by Mr. Hall and found appellant had the effective assistance of counsel. The excerpts from the trial transcript and transcript of the preliminary hearing show that appellant was afforded the effective assistance of counsel under the standards restated in *Turner v. State*, 208 Kan. 865, 494 P. 2d 1130. Finally, where the motion, files and records before the district court establish there is no substantial issue of law or triable issue of fact and that a movant under K. S. A. 60-1507 is entitled to no relief, it is not error to deny the motion without appointment of counsel or holding an evidentiary hearing. Rule 121 (*f*), (*i*), 209 Kan. xl; *Preston v. State*, 208 Kan. 648, 493 P. 2d 187. That was the situation here.

The judgment is affirmed.