No. 47,425

PRESTON COLLINS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(524 P. 2d 715)

Opinion filed July 17, 1974.

*James N. Snyder, Jr.,* of Snyder & Snyder, of Leavenworth, was on the brief for the appellant.

*Patrick J. Reardon,* County Attorney, and *Vern Miller,* Attorney General, were on the brief for the appellee.

*Per Curiam:* This is an appeal in a postconviction proceeding under K. S. A. 60-1507 wherein the trial court denied relief without an evidentiary hearing. On February 20, 1970, petitioner, Preston Collins, represented by counsel, pleaded guilty to escaping from the state penitentiary without breaking as defined in K. S. A. 21-734 (Repealed, L. 1969, Ch. 180, now 1973 Supp. 21-3810) and was sentenced to a term of three years to commence at the expiration of any sentence he was then serving. Petitioner was advised of his right to appeal, of his right to have counsel appointed for such appeal, and his right to have a transcript furnished him for such appeal. No appeal was taken. On January 12, 1972, petitioner filed the instant motion alleging two grounds for relief. The trial court examined the motion and the files and records in petitioner's case and determined that the facts alleged did not support the grounds upon which petitioner claimed he was unlawfully held in custody. On appeal petitioner specifies error in the denial of his motion as follows:

1. The imposition of both a three-year sentence and administrative sanctions (loss of good time) constituted double jeopardy. This point was raised and disposed of as unmeritorious in *State v. Williams,* 208 Kan. 480, 493 P. 2d 258:

". . . [C]riminal prosecution for the crime of escape is not prohibited under the double jeopardy clause of the Fifth Amendment to the United States Constitution merely because the escapee was, upon his recapture subjected to discipline by prison authority for the prison discipline violation involved. . . ." (p. 483.)

2. Since no counsel represented him in filing his 60-1507 motion and since it was dismissed summarily, defendant contends that under those circumstances there was deprivation of due process to him as an indigent. K. S. A. 60-1507 requires a finding of substantial issue of fact or law raised by the motion before counsel will be appointed for an indigent or an evidentiary hearing held. Petitioner contends this is a denial of the postconviction remedy to indigents since petitioner, unskilled in the law, must make his case himself before he has a right to counsel.

Petitioner is urging extension of the right to counsel, recognized as essential to due process during prosecution, to preparation of civil suits attacking the sentence collaterally. He cites the reasoning for counsel to protect rights of accused indigents at all stages of prosecution as justification for counsel for postconviction remedies.

Counsel for the petitioner, appointed for the purpose of appeal, cites no authority for such an extension of the right to counsel. In *State v. Komarek*, 213 Kan. 532, 516 P. 2d 912, we said:

". . . [W]here the motion, files and records before the district court establish there is no substantial issue of law or triable issue of fact and that a movant under K. S. A. 60-1507 is entitled to no relief, it is not error to deny the motion without appointment of counsel or holding an evidentiary hearing. . . ." (p. 533.)

The judgment is affirmed.