**Bruce HAMBY, Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

**Robert Edward JONES, Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

**Nos. 4654, 4664.**

Supreme Court of Wyoming.

Feb. 17, 1977.

---

Kermit C. Brown, of MacPherson & Golden, Rawlins, for appellants.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Cheyenne, and Richard Barrett and Jeffrey A. King, Prosecution Assts., Laramie, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

Appellants-defendants were punished administratively for escaping from the Wyoming State Penitentiary by loss of "good time" previously granted as a matter of grace under § 7–325(c), W.S.1957, 1975 Cum.Supp., and were subsequently convicted in the district court of, and sentenced for, the crime of escape from a penal institution, arising from the same factual circumstances, in violation of § 6–167, W.S. 1957, 1975 Cum.Supp. Since the cases raise the same issue pertaining to double jeopardy, they have been consolidated for purposes of this appeal.

We hold, as have innumerable jurisdictions, that a criminal prosecution for prison escape is not barred by a plea of former jeopardy based on disciplinary punishment previously imposed by prison authorities for the same escape; e. g., *Alex v. State*, 484 P.2d 677 (Alaska 1971); *Collins v. State*, 215 Kan. 489, 524 P.2d 715 (1974); *State v. Millican*, 84 N.M. 256, 501 P.2d 1076 (1972); *Hutchison v. United States*, 450 F.2d 930 (10th Cir. 1971); and *United States v. Hedges*, 458 F.2d 188 (10th Cir. 1972).

Affirmed.